1  Yuri Imuta
2  5802 East Gossamer Street
   Long Beach, California [90808]
3  Phone: 562 425 3095
   eMail: ylee@tadimuta.com
4  "Plaintiff" appearing as Sui Juris





**No CV-30**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Yuri Imuta

       Plaintiff,

vs.

THE STATE OF CALIFORNIA;
MICHAEL P. VICENCIA; THE WOLF
FIRM, A LAW CORPORATION; ALAN
S. WOLF, ESQ., KAYO MANSON-
TOMPKINS, ESQ., PARNAZ PARTO,
ESQ., DOES 1 through 100, inclusive

       Defendants

Case No.: 8:22cv 2249-SVW-JPR

**COMPLAINT FOR:**

1) **DEPRAVATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**
2) **VIOLATION OF DUE PROCESS**
3) **CONSPIRACY TO COMMIT REAL ESTATE DEED FRAUD**
4) **FORGERY**
5) **WRONGFUL FORECLOSURE**
6) **BREACH OF CONTRACT**
7) **OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE**

**Demand For a Trial By Jury**
Reservation of all rights to Amend add or seek other relief against the Defendants hereafter

## TEN (10) MILLION DOLLAR CLAIM UNDER 42 U.S. CODE SEC. 1983  ACTION FOR DEPRAVATION OF CIVIL RIGHTS, VIOLATION OF DUE PROCESS, CONSPIRACY TO COMMIT REAL ESTATE DEED FRAUD, FORGERY, WRONGFUL FORECLOSURE, AND BREACH OF CONTRACT  THIS CLAIM IS ALSO FOR OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE

[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

Comes Now Plaintiff, Yuri Imuta (hereinafter "Plaintiff"), a national, with God given Constitutionally protected Rights and not a "citizen of the United States", in a condition of voluntary servitude with civil rights, under the scope and purview of the 14th Amendment ("national"), file her Claim against the Defendants, active participants involved in depriving rights of Plaintiff, under 42 U.S.C. § 1983. The claim will be brought forward in Common Law, "Administrative Law," "Law," "Equity," and Under the Uniform Commercial Code. This 42 U.S. Code Sec. 1983 Civil Action Claim is for Depravation of Civil Right Under Color of Law, Violation of Due Process, Conspiracy to Commit Real Estate Deed Fraud, Forgery, Wrongful Foreclosure, Breach of Contract, and Obstruction of Justice. This case is brought to enforce Constitutional Rights under 42 U.S.C. § 1983, conspiracy statutes under Federal Law.

### 42 U.S. Code § 1983 - Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be a statute of the District of Columbia.

Plaintiff files this Claim under duress and coercion because the Defendants rushed to judgment using unconstitutional summary proceeding under the color of state law and deliberately stripped constitutionally protected rights of Plaintiff, and caused/causing injury to her and her family.

## JURISDICTION:

1. The Judiciary Act, though, Congress placed admiralty under the jurisdiction of the federal district courts.
2. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.
3. This court has personal jurisdiction over the defendants' corporations because the corporation's principal place of business is in this state.
4. Venue is proper pursuant to 28 U.S.C. 1391(b) because the events giving rise to the allegations in this complaint occurred in this district.

5.  Federal court has jurisdiction over this case based on the following reasons:

    a) 42 USC 1983 civil rights claim is Constitutional dispute.

    b) The Plaintiff filed a claim against the state court judge, whereby other state court judges would have a conflict of interest.

    c) The state is guilty of real estate deed fraud which is verified by the day-to-day process of registering homeowners' property deeds in their office.

    d) The state is in control of the Plaintiff's property deed when there is no law that forced the Plaintiff to register her property.

    e) The state is paying the judge and providing a pension, 401-k, so other state court judges will have a conflict to hear this case in state court.

6.  The State is the real party responsible for the foreclosure on the Plaintiff's property and eviction of Plaintiff using state-licensed sub-agencies to do the dirty work.

7.  The amount of damage is over what the state court has jurisdiction to rule on.

8.  The defendants violated Federal Laws.

9.  The defendants violated the Plaintiff's right to due process in state court whereby is liable under 42 U.S.C 1983 a federal civil rights statute.

10. There is no other court available for remedy.

**PARTIES:**

11. PARTIES ARE:

    a) Yuri Imuta, Plaintiff, a national, who lives in California, certificate holder of the assumed name and beneficiary of the Estate Trust YURI IMUTA, YURI I LEE, YURI I. LEE et al.

    b) The first defendant is THE STATE OF CALIFORNIA (hereinafter "THE STATE") is the primary party responsible for causing damages against a national, Plaintiff, using state-licensed sub-agencies and funding them to do the dirty work.

    c) The second defendant is MICHAEL PAUL VICENCIA, a State Court Judge of California, SBN 149041 (hereinafter "JUDGE VICENCIA"), who was appointed by a Governor of THE STATE and being paid by THE STATE.

    d) The third defendant is THE WOLF FIRM, A LAW CORPORATION (hereinafter "THE WOLF"), California State Entity Number C1862949, THE STATE licensed

entity, a 3rd party debt collector, located at 1851 East 1st Street Suite 100, Santa Ana, California 92705, who is the party responsible for causing damages against a national, Plaintiff, using THE STATE licensed attorneys and contractors and funding them to do the dirty work.

e) The fourth defendant is ALAN STEVEN WOLF, Esq., SBN 94665 (hereinafter "ALAN WOLF" or collectively "WOLF ATTORNEYS"), who is THE STATE licensed attorney, the Chief Executive Officer ("CEO"), Secretary, Chief Financial Officer, Director, Managing Attorney, and owner of THE WOLF, a party responsible for all damages caused by the entity he owns/manages, and its employees and contractors. ALAN WOLF directed the following employees and contractors (hereinafter collectively "WOLF ACCOMPLICE") to do the dirty work:

    1) KAYO MANSON-TOMPKINS, ESQ., SBN 136476

    2) PARNAZ PARTO, ESQ., SBN 276874

    3) DAVID LEE CHAFFIN, ESQ., SBN 258459 (hereinafter "CHAFFIN")

    4) STEPHEN TODD HICKLIN, ESQ., SBN 136568 (hereinafter "HICKLIN")

    5) DENNIS O'CONNELL, ESQ., SBN 153909 (hereinafter "O'CONNELL")

    6) DAMON BOYKIN (hereinafter "BOYKIN")

    7) DARREN MOON (hereinafter "MOON")

f) The fifth defendant is KAYO MANSON-TOMPKINS, ESQ., SBN 136476 (hereinafter "TOMPKINS" or collectively "WOLF ATTORNEYS"), THE STATE licensed Managing Attorney of THE WOLF who knowingly, intentionally, and willingly participated to do the dirty work and caused Plaintiff's injuries.

g) The sixth defendant is PARNAZ PARTO, ESQ., SBN 276874 (hereinafter "PARTO" or collectively "WOLF ATTORNEYS"), THE STATE licensed Attorney of THE WOLF who knowingly, intentionally, and willingly participated to do the dirty work and caused Plaintiff's injuries.

h) Sub-Agencies, Corporations, Officers, Directors, Partners, Employees, Contractors and Commissioners of Defendants involved in this action hereafter DOES 1-100 inclusive

**FACTUAL ALLEGATIONS:**

12. The original bank loan contract in this case was altered, stolen and that there was an addition to the agreement with the following items that are missing from the contract:

    a) The intent of the agreement is that the original party who funded the alleged loan per the bookkeeping entries is to be repaid the money,

    b) The bank or financial institution involved in the alleged loan will follow the Generally Accepted Accounting Principles (hereinafter "GAAP"),

    c) The lender or financial institution involved in the alleged loan will purchase the promissory note from the borrower,

    d) The borrower does not provide any money, money equivalent, credit, funds or capital or thing of value that a bank or financial institution will use to give value to a check or similar instrument,

    e) The borrower is to repay the loan in the same species of money or credit that the bank or financial institution used to fund the loan in accordance with the GAAP, thus ending all interest and liens, and

    f) The written agreement gives full disclosure of all material facts.

13. The bank, Washington Mutual Bank, FA, advertised that they loan money:

    a) Plaintiff applied for a loan.

    b) The bank refused to loan me legal tender or other depositors' money to fund the alleged bank loan check, because the bank could not loan or lend its depositors' money or lend its credit.

    c) The bank misrepresented the elements of the alleged agreement to the alleged borrower.

    d) There is no bona fide signature on the alleged promissory note.

    e) The promissory note is a forgery.

    f) The promissory note—with my name on it— obligates me to pay $ 536,250.00 plus interest, giving it a substantial value in today's market if it were sold to investors.

    g) The bank recorded the forged promissory note as a loan from me to the bank.

    h) The bank used this loan to fund the alleged bank loan check back to me.

    i) The bank refused to loan the Plaintiff legal tender or other depositors' money in the amount of $ 536,250.00 or repay the unauthorized loan it recorded from me to the bank.

j)  The bank changed the cost and the risk of the alleged loan.

k)  The bank operated without my knowledge, permission, authorization, or agreement.

l)  The bank denied me equal protection under the law.

m)  The bank refused to disclose material facts of the alleged agreement and refused to tell me if the agreement was for me to fund the alleged bank loan check or if the bank is to use the bank's legal tender or other depositors' money to fund the bank loan check.

n)  They refused to disclose whether the check was the consideration loaned for the alleged promissory note.

o)  The bank failed to disclose if the promissory note is money or not money.

p)  It appears the bank recorded the promissory note as an unauthorized loan from me to the bank.

14. Plaintiff rescinded the original loan contract in accordance with the Truth in Lending Act ("TILA") 15 U.S.C. § 1635 timely, and the bank accepted the rescission with no objection.

15. There is a Rescission by operation of law.

16. Defendants claimed the U.S. BANK NA is the "beneficiary" of the alleged promissory note.

17. Defendants threaten to "foreclose" if Plaintiff doesn't tender payment in full.

18. Plaintiff, under duress, tendered payment for full performance / full satisfaction in accordance with the tender law to mitigate the injuries Plaintiff was suffering.

19. Defendants accepted and retained the tender with no objection and agreed to new terms of contract with no objection.

20. There is a Novation by operation of law.

21. Appointed auctioneer cancelled publicly scheduled foreclosure auction of Plaintiff's house.

22. The Defendants committed and conspired to commit real estate deed fraud when they failed to deliver the property deed as mandated by the state property transfer statute.

a)  The mortgage deal was not done according to the GAAP in violation of the federal law.

b) The electronic credits called the mortgage loan were generated by the Plaintiff's signature on the promissory note.

c) The words stamped on the promissory note "pay to the order of" without recourse will verify the bank official who signed there received the electronic credits called the mortgage loan.

d) There was no exchange of money in the mortgage loan.

23. Valid conveyances require that the executed deed be delivered to and accepted by the grantee.

24. The property deed was never delivered or accepted by the Plaintiff.

25. Defendants recorded and or used fabricated documents in The Los Angeles County Registrar-Recorder (hereinafter "THE RECORDER"), a sub-agency of THE STATE, under the oversight of THE STATE.

26. THE RECORDER refused to record Plaintiff's Notice of Recession, while allowing Defendants to record fabricated documents.

27. THE STATE is allowing fabricated documents being recorded, registered, filed and or used by the State BAR attorneys, the State Courts, and or the State Judges.

28. The Defendants committed acts of forgery when they fraudulently made false documents, altered real documents as if they are genuine, and used them.

29. The fact the alleged lender accepted the Plaintiff's signature on the mortgage lien proves the Plaintiff owned the property already.

30. The first illegal mortgage lien was placed on the property after the unlawful registration.

31. Defendants were all duly noticed and not blindsided about the fact that the original contract was rescinded, a tender of payment in full was made, there is a novation, and the foreclosure auction was cancelled.

32. The attorneys TOMPKINS, PARTO, CHAFFIN, O'CONNELL, and HICKLIN; and individuals BOYKIN and MOON are employed for, or contracted by THE WOLF, a 3rd party debt collector located at 1851 East 1st Street Suite 100, Santa Ana, California 92705, and ALAN WOLF is the CEO of THE WOLF.

33. On a late rainy evening of December 30, 2021, Plaintiff found papers posted on the front door by TOMPKINS of THE WOLF. The wet papers ripped, and the content was not clear and/or legible.

34. On December 31, 2021, Plaintiff mailed a notice titled Admissible Notice of Refusal for Cause Without Dishonor by USPS certified mail, notifying THE WOLF and WOLF ATTORNEYS, that the tender of payment in full was made, there is a new agreement where any attorney who knowingly interfere or join in would be accessed a fee of liability and or joinder fee, and asked them to clarify the posted paper(s) by responding in writing via USPS return receipt requested.

35. On January 3, 2022, THE WOLF and WOLF ATTORNEYS are in receipt of the Plaintiff's notice and all remained silent in acquiescence to the assessment of the liability and or joinder fee.

36. None of THE WOLF and WOLF ATTORNEYS responded to the Plaintiff's notice nor did they mail a copy of paper(s) posted on the Plaintiff's front door.

37. On April 22, 2022, WOLF ATTORNEYS filed an unlawful detainer complaint, case # 22LBUD00487, in the Superior Court of California, Los Angeles against Plaintiff, claiming they are the attorneys for the U.S. BANK NA, without an affidavit or declaration from the U.S. BANK NA, or any injured party to provide jurisdiction to the court. **Exhibits: A & B.**

38. On June 10, 2022, Plaintiff found a Summons and Complaint, together with NOTICE TO QUIT posted on front door of her home. **Exhibit: B.**

39. NOTICE TO QUIT was never duly served personally and it was never duly delivered by mail. As a result, Plaintiff was not given a right of due process and opportunity to cure by the Defendants.

40. None of the documents filed into the Court by WOLF ATTORNEYS was created, verified, declared as truth, or signed by the supposed "Plaintiff", U.S. BANK NA. Rather, ALL of the documents and declarations were created, verified, declared, and signed solely by THE WOLF, WOLF ATTORNEYS, and WOLF ACCOMPLICE.

41. The statute the attorney used in the foreclosure and unlawful detainer complaint is not a valid law as it does not have the three elements the state constitution mandates must be present to be a valid law.

42. The foreclosing statute California Civil Code §2924 is missing the enacting clause, the title, and the body, and therefore the foreclosing statute is not a valid law and is unconstitutional on its face.

43. The foreclosing statute California Civil Code §2924, a non-judicial foreclosure, and a summary proceeding of California's unlawful detainer statute allow for anyone in the world to evict and steal a California homeowner's home easily and quickly. These are designed to deprive civil rights, due process right, and equal protection under the law in direct contradiction to the constitution.

44. THE WOLF and WOLF ATTORNEYS refused to declare under the penalty of perjury that they were hired / retained by the purported "Plaintiff" of the Unlawful Detainer action, U.S. BANK NA.

45. Plaintiff's Request for Admission of WOLF ATTORNEYS stating that they were/are hired / retained by the U.S. BANK NA was objected by TOMPKINS, PARTO and HICKLIN, and Motion to Compel admission was denied by JUDGE VICENCIA on October 13, 2022. **Exhibit: C.**

46. THE WOLF created false declaration(s) stating that BOYKIN mailed the papers to Plaintiff via USPS, and placed BOYKIN's digital signature on the declaration(s) without any evidence showing BOYKIN actually mailed any papers to Plaintiff.

47. There is no payment receipt from the USPS, there is no certified mail return receipt, and there is no copy of an envelope with a postage affixed addressed to Plaintiff showing BOYKIN mailed anything to Plaintiff or any other occupant(s).

48. Plaintiff's Request for Production of evidence of mailing to Plaintiff was objected by TOMPKINS, PARTO and HICKLIN, and Motion to Compel production of evidence was denied by JUDGE VICENCIA on October 13, 2022. **Exhibit: C.**

49. Plaintiff responded to the Unlawful Detainer petition with her timely non-statutory abatement stating that the unlawful detainer is wholly defective and a tender of payment in full was duly accepted and retained by the bank.

50. On June 13, 2022, Plaintiff filed her Motion to Quash Service of Summons and Complaint stating that the service was defective.

51. PARTO, TOMPKINS, and CHAFFIN objected to Plaintiff's Motion to Quash and JUDGE VICENCIA denied Plaintiff's Motion to Quash On June 29, 2022.

52. Plaintiff mailed a Notice with statement of fact affidavit and petitioned WOLF ATTORNEYS to rebut Plaintiff's affidavit point-for-point with their counter-affidavit, giving the Defendants due-process opportunity to state their claim.

53. ALAN WOLF, TOMPKINS, and PARTO are in receipt of the Plaintiff's Notice with statement of fact affidavit on July 15, 2022, opportunity to cure notice on August 1, 2022, and default notice on August 20, 2022 by USPS certified mail individually.

54. WOLF ATTORNEYS never responded to Plaintiff's affidavit(s) with their counter-affidavits.

55. ALAN WOLF, TOMPKINS, and PARTO all remained silent, in acquiescence to Plaintiff's statement of fact affidavit.

56. A copy of the notices to WOLF ATTORNEYS was duly mailed via certified mail to the Office of the Attorney General of California, Rob Bonta of THE STATE, and the receipts were acknowledged by the Office.

57. On July 29, 2022, Plaintiff challenged the jurisdiction of the Court and filed her challenge with Affidavit and her passport number showing she is a national of the Republic State of California, and therefore not subject to the court's statutory jurisdiction without an injured party.

58. Defendants never challenged Plaintiff's challenge of jurisdiction with their counter-affidavit.  All remained silent, in acquiescence to Plaintiff's affidavit. The Case Register sheet will show none of the Defendants responded to the challenge of jurisdiction by a counter-affidavit. **Exhibit: A.**

59. The Court acknowledged receipt of Plaintiff's challenge of jurisdiction but proceeded to take jurisdiction without citing any law. **Exhibits: A & C.**

60. On August 3, 2022, Plaintiff filed her Motion to Demurrer.

61. On August 16, 2022, Plaintiff filed her counterclaim/crossclaim against the Defendants.

62. TOMPKINS, PARTO, and CHAFFIN objected to Plaintiff's Motion to Demurrer and JUDGE VICENCIA denied Plaintiff's Demurrer on September 7, 2022.  **Exhibit: C.**

63. TOMPKINS, PARTO, and O'CONNELL objected to Plaintiff's counterclaim / cross-complaint, and JUDGE VICENCIA disallowed Plaintiff's counterclaim / cross-complaint against the Defendants on September 21, 2022.  **Exhibit: C.**

64. THE STATE, WOLF ATTORNEYS and JUDGE VICENCIA, disallowed Plaintiff to ask for damages in the unlawful detainer case against the Defendants.

65. The Plaintiff was subjected to harassment from 5 or 6 attorneys - TOMPKINS, PARTO, CHAFFIN, HICKLIN, O'CONNELL, and ALAN WOLF - that all signed on and signed

out when they could not responded to Plaintiff's affidavits with their counter-affidavits on the court record.

66. The Case Register shows GREGORY S. LESSER is assigned to the case, but all Court orders and judgment were rendered by JUDGE VICENCIA; either by a "minute order" with no signature; or by an "order" or "judgement" written by WOLF ATTORNEYS with JUDGE VICENCIA's electronic signature on them. **Exhibit: A and C.**

67. JUDGE VICENCIA ruled in favor of THE WOLF, WOLF ATTORNEYS and WOLF ACCOMPLICE's hearsay, against Plaintiff's declarations and factual evidences.

68. Rulings made by JUDGE VICENCIA are biased, lacked consideration, lacked equal protection under the law, since they were all written by biased WOLF ATTORNEYS with second-hand knowledge.

69. JUDGE VICENCIA deprived Plaintiff's civil rights, equal protection under the law, due process right and obstructed the administration of justice as follows:

  a) When the Plaintiff pointed out the Fact that the complaint lacks U.S. BANK NA's acknowledgement and affidavit, JUDGE VICENCIA ignored evidence presented and ruled in favor of hearsay of WOLF ATTORNEYS; and

  b) When the Plaintiff pointed out the Fact that none of the documents filed into the Court by WOLF ATTORNEYS was created, verified, declared as truth, or signed by the supposed "Plaintiff", U.S. BANK NA, JUDGE VICENCIA ignored evidence presented and ruled in favor of the hearsay of WOLF ATTORNEYS; and

  c) When the Plaintiff pointed out the Fact that U.S. BANK, NA has received and accepted the payment in full, JUDGE VICENCIA ignored evidence presented and ruled in favor of the hearsay of WOLF ATTORNEYS; and

  d) When the Plaintiff pointed out the Fact that Plaintiff was never personally served nor did she ever receive a "NOTICE TO QUIT" in mail prior to the commencement of the Unlawful Detainer lawsuit, JUDGE VICENCIA ignored evidence presented and ruled in favor of the hearsay of WOLF ATTORNEYS; and

  e) When the Plaintiff pointed out the Fact that Plaintiff was never personally served nor did she ever receive a Summons and Complaint in mail, JUDGE VICENCIA ignored and ruled in favor of the hearsay of WOLF ATTORNEYS; and

e) When the Plaintiff pointed out the Fact that THE WOLF and WOLF ATTORNEYS never provided any evidence to support their claim being the Attorneys for the U.S. BANK NA, JUDGE VICENCIA ignored and ruled in favor of the hearsay of WOLF ATTORNEYS; and

f) JUDGE VICENCIA proceeded to retain the Case and attempted to obtain jurisdiction over the Plaintiff without any injured party to provide jurisdiction to the Court and did so without anyone contesting to the Plaintiff's challenge of jurisdiction; and

g) When the Plaintiff requested for a trial by jury so Plaintiff's case can be heard fairly and equally by her peers, JUDGE VICENCIA denied Plaintiff's request; and

h) JUDGE VICENCIA denied Plaintiff's Motion(s) to Compel requests for production of documents, and requests for admission entirely; and

i) JUDGE VICENCIA's rulings disallowed any defense by Plaintiff, while facilitating unjust eviction of Plaintiff; and

j) JUDGE VICENCIA rushed to judgement and ruled in favor of the hearsay of WOLF ATTORNEYS to get Plaintiff evicted from her home.

70. On November 22, 2022, JUDGE VICENCIA granted Defendants' Motion for Summary Judgment and issued a ruling in favor of evicting Plaintiff despite the evidence showing:

a) Plaintiff rescinded the original loan contract; and

b) U.S. BANK NA accepted Plaintiff's offer and received/retained Plaintiff's tender of payment in full; and

c) There is a new agreement between U.S. BANK NA and Plaintiff, where in part states, any attorney or 3rd party who knowingly join in or interfere in Plaintiff's private commercial affairs injures Plaintiff, and liability would be accessed at ten million ($10,000,000.00 USD) dollars for trespassing; and

d) Defendants showed no evidence of anyone purchasing Plaintiff's real property or title; and

e) Defendants showed no evidence of Defendants' standing to evict Plaintiff; and

f) Auctioneer cancelled the public foreclosure auction; and

g) Plaintiff was not given a due process of law and opportunity to cure; and

    h) A copy of document titled "Notice of Trustee's Sale" filed into the Unlawful Detainer Court by WOLF ATTORNEYS clearly states the sale is not a sale of title or ownership of Plaintiff's property; and

    i) U.S. BANK NA is not the current owner of the Plaintiff's property; and

    j) None of the documents filed into the Unlawful Detainer Court were created, verified, declared, recorded and/or signed by the U.S. BANK NA; and

    k) Plaintiff submitted ANSWER timely; and

    l) Plaintiff responded to Defendants' Motion for Summary Judgment, contesting Defendants' "undisputed material facts" point-for-point with Plaintiff's supporting evidence along with Plaintiff's uncontested material facts with supporting evidence timely.

71. The Summary Judgement "order" and "judgment" against Plaintiff were written by biased WOLF ATTORNEY with false information, incorrect facts, under the color of unconstitutional state laws in direct contradiction to the constitution. To which, JUDGE VICENCIA rendered his digital signature(s) blindly and did so immediately. **Exhibit: C.**

72. In deciding a Summary Judgment, a judge has a duty to evaluate and rule on each and every disputed point, and explain how the ruling was made.

73. In an unlawful detainer summary proceeding against a homeowner, all doubts are required to be resolved in defendant's favor.

74. In this Case, however, JUDGE VICENCIA rushed to judgment against Plaintiff without explaining how the ruling was made and without evaluating and ruling on each and every disputed point.

75. The Defendants THE WOLF, WOLF ATTORNEYS and WOLF ACCOMPLICE violated the Fair Debt Collection Practices Act ("FDCPA") when they engaged in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect a debt where there is no injured party.

76. There is no evidence showing that an Unlawful Detainer Court is authorized or recognized by the constitution.

77. THE STATE is aiding and facilitating the state licensed BAR attorneys to evict and steal a homeowner's property in California easily and quickly by stripping a homeowner's

civil rights using an unconstitutional "summary proceeding" under the guise of "unlawful detainer action" under the unconstitutional color of state laws.

78. Plaintiff was deprived of her civil rights, due process right, right to a jury trial and equal protection under the law in direct contradiction to the constitution by the Defendants.

79. There is no injured party except Plaintiff and her family.

## SCHEME TO DEFRAUD:

80. The original contract with the signatures of both the alleged borrower, and the lender has never been filed in court to verify there was a bilateral contract.

81. A request for production and physical inspection of the original contract was denied by WOLF ATTORNEYS and JUDGE VICENCIA.

82. There is no evidence showing the original contract is not forged and not missing at least 6- provisions that are listed in the original contract.

83. WOLF ATTORNEYS claimed "Plaintiff" in the unlawful detainer case is a "national bank" and "Plaintiff's current legal name is *U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH*".

84. WOLF ATTORNEYS claimed they "represent" U.S. BANK NA, purported "Plaintiff" in the unlawful detainer case.

85. MOON claimed he was "retained" by "U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH".

86. But there is no such legal entity exists according to the public records of the Internal Revenue Service ("IRS"), Office of the Comptroller of the Currency, Security and Exchange Commission ("SEC"), and Franchise Tax Board.

87. And U.S. BANK NA appears to have no clue of existence of such a legal name or entity titled "U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH".

88. Supposed predecessor trustee, Bank of America, NA, does not have any history of loan or mortgage records with Plaintiff in their system.

89. Plaintiff requested Defendants to provide their tax reporting information needed to assess tax for Defendants' use of Plaintiff's Trust name(s) in compliance with the IRS, but Defendants refused.

90. All documents filed into the Court were created, declared, and signed solely by WOLF ATTORNEYS and WOLF ACCOMPLICE but none by the U.S. BANK NA.

91. There is no evidence showing Defendants were in compliance with the California Civil Code 2924b according to the documents filed into the unlawful detainer case.

92. Constitutionally, a non-judicial foreclosure and unlawful detainer are not supposed to be a workaround to strip homeowner's due-process right.

93. In this Case, Defendants schemed to unconstitutionally strip Plaintiff's due-process right by recording/using fabricated document(s) in THE RECORDER, which falsely states "in compliance with California Civil Code 2924" et al., when there is no evidence showing Defendants are in compliance with California Civil Code 2924.

94. Plaintiff noticed, and also showed evidence of cancellation of a public foreclosure auction of Plaintiff's property; yet WOLF ATTORNEYS moved to strip Plaintiff's due process right and TOMPKINS, PARTO and HICKLIN compelled JUDGE VICENCIA to rule on evicting Plaintiff.

95. There is no evidence showing the U.S. BANK NA hired/retained THE WOLF, WOLF ATTORNEYS and WOLF ACCOMPLICE.

96. Plaintiff believes and alleges the U.S. BANK NA did not hire/retain THE WOLF and WOLF ATTORNEYS in the unlawful detainer action against the Plaintiff.

97. Plaintiff gave tangible evidence and declarations to counter WOLF ATTORNEYS' allegations point-for-point but JUDGE VICENCIA ignored Plaintiff's evidence over WOLF ATTORNEYS hearsay.

98. THE WOLF and WOLF ATTORNEYS schemed to defraud and steal Plaintiff's home using the color of unconstitutional California statute §2924, fabricated documents, unconstitutional summary court proceeding, and biased judge, allowing for facilitated "eviction".

99. JUDGE VICENCIA is an accomplice and facilitator of the scheme to defraud. JUDGE VICENCIA ruled against Plaintiff 100% of the time in all motions and objections to motions, cancelled a scheduled trial by jury, and signed biased WOLF ATTORNEY prepared "order" and "judgment".

100. Defendants knowingly, willingly and intentionally stripped Plaintiff's civil rights, equal protection under the law, due process right, and obstructed the administration of justice despite their knowledge of facts and evidence presented by Plaintiff of her rescission, tender of payment, and new agreement with the bank.

101. The foreclosure and eviction statute used to provide the court with jurisdiction is not a valid law as it is missing the 3 elements the State Constitution mandates must be present to be a valid law.

102. The State constitution mandates all laws are to be enacted and have an enacting clause, a title, and a body.

103. Article 6 of the Constitution demands all official – federal, state and local – be bound by oath to support Constitution.

104. Defendants displaced their oath of office, oath of attorney and or oath of judge.

105. Defendants displaced the tender law and did so intentionally even after receiving Plaintiff's notices, evidence and affidavits.

106. Defendants displaced the novation as an operation of law and did so intentionally even after receiving Plaintiff's notices, evidence and affidavits.

107. Defendants displaced the TILA rescission as an operation of law and did so intentionally even after receiving Plaintiff's notices, evidence and affidavits.

108. Defendants displaced the due process of law and did so intentionally even after receiving Plaintiff's notices, evidence and affidavits.

109. Defendants displaced contract law and did so intentionally even after receiving Plaintiff's notices, evidence and affidavits.

110. Defendants breached contract and conspired to defraud Plaintiff.

111. Defendants displaced the Constitution, and must be stripped of their immunity.

112. There is no witness before the court to give the court jurisdiction.

113. Defendants did not respond to Plaintiff's challenge of jurisdiction.

114. There is No Affidavit filed in the case to give the state court jurisdiction.

**THE DEFENDANTS FAILED TO FOLLOW THE GAAP ACCOUNNTING LAWS:**

115. The contract was rescinded timely in accordance with the TILA Regulation Z.  The attorneys did not provide full disclosure; the contract is extremely deceptive and unconscionable, In re Pearl Maxwell, 281 B.R. 101. The Truth in Lending Act, Regulation Z, 12 CFR §226.23, states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures.

116. The original debt was zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange. Promissory Notes and other commercial instruments are legal tender, financial assets to the originator and a liability to the lender.

117. There is no evidence showing there is an unpaid loan account exists and is owned by the designated "beneficiary".  Without a certification of the accounting entries made in accordance with the GAAP, the attorneys cannot verify there was a debt.

118. The attorneys cannot verify agency and therefore the non-judicial foreclosure has a fatal flaw.

119. If a security interest in the note is perfected, by recording it on a lien as a registered security, the maker or originator becomes an entitlement holder in the asset.

120. But the attorneys do not understand that they have this liability because most of them are unaware of it.

    a) UCC §1-201(24), §3-104, §3-306, §3-105,

    b) UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511

    c) UCC §§9-102(9), (11), (12)(B), (49), (64)

    d) 12 USC 1813(l)(1)

121. The defendants' records will show the defendants have an offsetting liability to the Plaintiff pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR). These records include:

    a) FR 2046 balance sheet,

    b) 1099-OID report,

    c) S-3/A registration statement,

    d) 424-B5 prospectus and

    e) RC-S & RC-B Call Schedules

122. The Defendants all refused to provide requested tax reporting information needed to assess tax for Defendants' use of Plaintiff's Trust name(s) in compliance with the IRS.

Plaintiff's claims are brought forward Under Common Law.

### 123.    ELEMENTS FOR COMMON LAW:

All statutes must be construed in harmony with the Common Law.  Per a qualified reservation of rights, there must be a damaged or injured party, or dismissal.

a) Controversy (The listed defendants)

b) Specific Claim (wrongful foreclosure, breach of contract, etc.)

c) Specific Remedy Sought by Claimant (10 million dollars)

d) Claim Is Sworn To (Affidavit of Verification attached), and I will verify in open court that all herein be true.

### CLAIMS:

124.    **Count One**: Violation of 42 U.S.C. 1983:

a) Plaintiff incorporates by reference the facts alleged in paragraphs 1-175.

b) Plaintiff has given Defendants with opportunities to cure their violation of Plaintiff's rights with notices, affidavits and evidences with no avail. Therefore, Defendants knowingly, intentionally, and willingly violated plaintiff's rights.

c) Defendants deliberately rushed to judgment using unconstitutional summary proceeding under the color of state law and stripped constitutionally protected rights of Plaintiff.

d) Defendants had a duty to follow the law and the constitution.

e) Defendants deliberately displaced the constitution, oath of office/attorney/judge under the color of state law and deprived Plaintiff's equal protection under the law, due process right, and right to a jury trial.

f) Defendants deliberately displaced the tender law, novation as an operation of law, TILA rescission as an operation of law, and due process of law.

g) Defendants deliberately breached contract, displaced contract law, and conspired to defraud Plaintiff.

h) The Defendant's negligence and reckless disregard of Plaintiff's notices was the direct and proximate result of the Plaintiff's injuries.

125.    **Count Two**: Violation of Due Process:

a) Plaintiff incorporates by reference the facts alleged in paragraphs 1-175.

b) Plaintiff has given Defendants with opportunities to cure their violation of due process with notices, affidavits and evidences with no avail. Therefore, Defendants knowingly, intentionally, and willingly violated due process of law.

c) THE WOLF and WOLF ATTORNEYS deliberately violated FDCPA and Plaintiff's due process right despite Plaintiff's request/Notice(s).

d) Defendants deliberately rushed to judgment using unconstitutional summary proceeding under the color of state law and stripped due process right of Plaintiff.

e) The defendants had a duty to follow the law and the constitution.

f) Defendants deliberately displaced the constitution, oath of office/attorney/judge under the color of state law and deprived Plaintiff's due process right.

g) Defendants deliberately displaced the tender law, novation as an operation of law, TILA rescission as an operation of law, and due process of law.

h) Defendants deliberately breached contract, displaced contract law, and conspired to defraud Plaintiff.

i) The Defendant's negligence and reckless disregard of Plaintiff's notices was the direct and proximate result of the Plaintiff's injuries.

126.    **Count Three**: Conspiracy to Commit Real Estate Deed Fraud:

a) Plaintiff incorporates by reference the facts alleged in paragraphs 1-175.

b) Plaintiff has given Defendants with opportunities to review their documents and cure their errors by providing notices, affidavits and evidences; and petitioned them to rebut Plaintiff's affidavit with their counter-affidavit with no avail. Therefore, Defendants knowingly, intentionally, and willingly conspired to commit real estate deed fraud.

c) Defendants deliberately rushed to judgment using unconstitutional summary proceeding under the color of state law and stripped constitutionally protected rights of Plaintiff.

d) The defendants had a duty to follow the law and the constitution.

e) Defendants deliberately displaced the constitution, oath of office/attorney/judge under the color of state law and deprived Plaintiff's rights.

f) Defendants deliberately displaced the tender law, novation as an operation of law, TILA rescission as an operation of law, and due process of law.

g) Defendants deliberately breached contract, displaced contract law, and conspired to defraud Plaintiff.

h) Defendants deliberately claimed U.S. BANK NA purchased Plaintiff's property even though the Defendants' own evidence contradicts with Defendants' claim.

i) Defendants deliberately used/recorded/filed fabricated mortgage documents.

j) THE WOLF and WOLF ATTORNEYS conspired to defraud Plaintiff by using, creating, declaring, and or signing unverified documents and filed them into Court.

k) THE WOLF, WOLF ATTORNEYS and WOLF ACCOMPLICE knowingly, willingly and intentionally misrepresented their relationship with U.S. BANK NA.

l) The Defendant's negligence and reckless disregard of Plaintiff's notices was the direct and proximate result of the Plaintiff's injuries.

127. **Count Four**: Forgery:

a) Plaintiff incorporates by reference the facts alleged in paragraphs 1-175.

b) Plaintiff has given Defendants with opportunities to review the documents and cure their errors by providing notices, affidavits and evidences; and petitioned them to rebut Plaintiff's affidavit with their counter-affidavit with no avail. Therefore, Defendants knowingly, intentionally, and willingly created/used forged documents.

c) Defendants deliberately rushed to judgment using unconstitutional summary proceeding under the color of state law and stripped constitutionally protected rights of Plaintiff.

d) The defendants had a duty to follow the law and the constitution.

e) Defendants deliberately displaced the constitution, oath of office/attorney/judge under the color of state law and deprived Plaintiff's rights.

f) Defendants deliberately displaced the tender law, novation as an operation of law, TILA rescission as an operation of law, and due process of law.

g) Defendants deliberately breached contract, displaced contract law, and conspired to defraud Plaintiff.

h) Defendants deliberately committed acts of forgery when they knowingly used fabricated documents as if they are genuine.

i) Defendants deliberately used/recorded/filed fabricated mortgage documents.

j) Defendants deliberately claimed U.S. BANK NA purchased Plaintiff's property even though the Defendants' own evidence contradicts with Defendants' claim.

k) THE WOLF and WOLF ATTORNEYS conspired to defraud Plaintiff by using, creating, declaring, and or signing unverified documents and filed them into Court.

l) THE WOLF and WOLF ATTORNEYS knowingly, willingly and intentionally misrepresented their relationship with the U.S. BANK NA.

m) The Defendant's negligence and reckless disregard of Plaintiff's notices was the direct and proximate result of the Plaintiff's injuries.

128.    **Count Five**: Wrongful Foreclosure:

a) Plaintiff incorporates by reference the facts alleged in paragraphs 1-175.

b) Plaintiff rescinded the original loan contract timely, tendered payment for full performance, there is a novation, and the foreclosure auction was cancelled.

c) Plaintiff has given Defendants with opportunities to review the documents and cure their errors by providing notices, affidavits and evidences; and petitioned them to rebut Plaintiff's affidavit with their counter-affidavit with no avail. Therefore, Defendants knowingly, intentionally, and willingly schemed unjust "foreclosure" on papers using fabricated document(s).

d) Defendants deliberately rushed to judgment using unconstitutional summary proceeding under the color of state law and stripped constitutionally protected rights of Plaintiff.

e) The defendants had a duty to follow the law and the constitution.

f) Defendants deliberately displaced the constitution, oath of office/attorney/judge under the color of state law and deprived Plaintiff's rights.

g) Defendants deliberately displaced the tender law, novation as an operation of law, TILA rescission as an operation of law, and due process of law.

h) Defendants deliberately breached contract, displaced contract law, and conspired to defraud Plaintiff.

i) Defendants deliberately used/recorded/filed fabricated mortgage documents.

j) Defendants deliberately claimed U.S. BANK NA purchased Plaintiff's property even though the Defendants' own evidence contradicts with Defendants' claim.

k) THE WOLF and WOLF ATTORNEYS conspired to defraud Plaintiff by using, creating, declaring, and or signing unverified documents and filed them into Court.

l) THE WOLF, WOLF ATTORNEYS and WOLF ACCOMPLICE knowingly, willingly and intentionally misrepresented their relationship with U.S. BANK NA.

m) The Defendant's negligence and reckless disregard of Plaintiff's notices was the direct and proximate result of the Plaintiff's injuries.

129.    **Count Six:** Breach of Contract:

a) Plaintiff incorporates by reference the facts alleged in paragraphs 1-175

b) Plaintiff has given Defendants with opportunities to review the documents and cure their errors by providing notices, affidavits and evidences; and petitioned them to rebut Plaintiff's affidavit with their counter-affidavit with no avail. Therefore, Defendants knowingly, intentionally, and willingly breached contract.

c) Defendants deliberately rushed to judgment using unconstitutional summary proceeding under the color of state law and stripped constitutionally protected rights of Plaintiff.

d) The defendants had a duty to follow the law and the constitution.

e) Despite Plaintiff's Notice(s), THE WOLF and WOLF ATTORNEYS interfered in Plaintiff and U.S. BANK's private commercial contract, causing injury to the Plaintiff from their intentional trespassing, without first paying a joinder fee in breach of contract.

f) Defendants deliberately displaced the constitution, oath of office/attorney/judge under the color of state law and deprived Plaintiff's rights.

g) Defendants deliberately displaced the tender law, novation as an operation of law, TILA rescission as an operation of law, and due process of law.

h) Defendants deliberately breached contract, displaced contract law, and conspired to defraud Plaintiff.

i) The Defendant's negligence and reckless disregard of Plaintiff's notices was the direct and proximate result of the Plaintiff's injuries.

130.    **Count Seven**: Obstruction of The Administration of Justice:

a) Plaintiff incorporates by reference the facts alleged in paragraphs 1-175

b) Plaintiff has given Defendants with opportunities to correct their actions by providing notices, affidavits and evidences with no avail. Therefore, Defendants knowingly, intentionally, and willingly obstructed the administration of justice.

j) Defendants deliberately rushed to judgment using unconstitutional summary proceeding under the color of state law and stripped constitutionally protected rights of Plaintiff.

k) The defendants had a duty to follow the law and the constitution.

l) Defendants deliberately displaced the constitution and oath of office/attorney/judge under the color of state law and deprived Plaintiff's rights.

m) Defendants deliberately displaced the tender law, novation as an operation of law, TILA rescission as an operation of law, and due process of law.

c) Defendants deliberately breached contract, displaced contract law, and conspired to defraud Plaintiff.

d) Defendants deliberately obstructed administration of justice by proceeding to take jurisdiction without injured party.

e) The Defendant's negligence and reckless disregard of Plaintiff's notices was the direct and proximate result of the Plaintiff's injuries.

## WRONGFUL FORECLOSURE:

131. Plaintiff's property was wrongfully foreclosed, there is no injured party and therefore damages should be granted.

132. The 6th Amendment secures that no person will be deprived of life, liberty, or property without due process of law.

133. The "the injured party" must appear and state he/she is owed a debt, the debtor must be given the right to challenge this debt for "validation" 15 USC 1692g. Only an "injured party" can claim a debt is owed. "Imaginary persons" cannot appear or give testimony and cannot be the "Plaintiff" of any cause of action.

134. The contract was rescinded in accordance with the TILA Regulation Z timely. "…any security interest given by the obligor, including any such interest arising by operation of law, becomes void." 15 USC§ 1635(b), "When a consumer rescinds a transaction, the

security interest giving rise to the right of rescission becomes void…" 12 CFR§

1026.23(d)(1). Courts have also noted that a successful rescission under TILA voids the

creditor's security interest—*Paatalo v. JPMorgan Chase Bank*, 146 F. Supp. 3d 1239,

1243 (D. Or. 2015).

135. The contract is void by operation of law.

136. The security interest is void by operation of law.

137. The 'lender' was paid in full by operation of law.

138. There is a new agreement with the 'lender'.

139. Foreclosure auction was cancelled.

140. A copy of document titled "Notice of Trustee's Sale" filed into the Unlawful Detainer
Court by WOLF ATTORNEYS clearly states the sale is not a sale of title or ownership of
Plaintiff's property.

141. There is no injured party in the unlawful detainer case and the court does not have
jurisdiction.

## BREACH OF CONTRACT:

142. The bank advertised that they loan money:

   a) Plaintiff applied for a loan.

   b) The bank refused to loan me legal tender or other depositors' money to fund the
   alleged bank loan check, because the bank could not loan or lend its depositors'
   money or lend its credit.

   c) The bank misrepresented the elements of the alleged agreement to the alleged
   borrower.

   d) There is no bona fide signature on the alleged promissory note.

   e) The promissory note is a forgery.

   f) The promissory note—with my name on it— obligates me to pay $536,250.00 plus
   interest, giving it a substitutional value if it were sold to investors.

   g) The bank recorded the forged promissory note as a loan from me to the bank.

   h) The bank used this loan to fund the alleged bank loan check back to me.

   i) The bank refused to loan me legal tender or other depositors' money in the amount of
   $536,250.00 or repay the unauthorized loan it recorded from me to the bank.

j) The bank changed the cost and the risk of the alleged loan.

k) The bank operated without my knowledge, permission, authorization, or agreement.

l) The bank denied me equal protection under the law.

m) The bank refused to disclose material facts of the alleged agreement and refused to tell me if the agreement was for me to fund the alleged bank loan check or if the bank is to use the bank's legal tender or other depositors' money to fund the bank loan check.

n) The bank refused to disclose whether the check was the consideration loaned for the alleged promissory note.

o) The bank failed to disclose if the promissory note is money or not money.

p) It appears the bank recorded the promissory note as an unauthorized loan from the Plaintiff to the bank.

143. The attorneys are misrepresenting themselves as working for a lender when they are illegally collecting as a 3rd party debt collector in violation of the F.D.C.P.A.

144. The defendants violated the Plaintiff's right to due process 42 U. S. C. 1983 by using an unfair court process that is in violation of the federal laws and the court rules.

145. THE WOLF and WOLF ATTORNEYS are in receipt of Plaintiff's notice(s) clearly stating of the prerequisite joinder fee to join in Plaintiff's private, non-fiction, non-statutory contract with the U.S. BANK, NA and all remained silent in acquiescence to the assessment of Ten Million ($10,000,000.00) Dollars in liability or joinder fee for interfering in Plaintiff's private commercial affair.   THE WOLF and WOLF ATTORNEYS are knowingly in breach of contract for interfering and causing injuries to Plaintiff without paying assessed joinder fee.

**NEGLIGENT/RECKLESS CONDUCT:**

146. As a proximate result of the negligent or reckless conduct of the attorneys acting as a 3rd party debt collector the Plaintiff suffered injury when the attorneys filed unlawful detainer action using a foreclosure / eviction statute that is missing the 3 elements needed to be considered a valid law.

147. The state constitution mandates laws to be enacted by congress and they must have an enacting clause, a title, and a body.

148. The revised statutes use to provide jurisdiction to the court is not a valid law and therefore rob the court of jurisdiction.

149. The attorneys used a forged contract to foreclose and forged documents in the unlawful detainer case.

150. The contract used is missing the following provisions agreed upon in the original contract:

   a) The intent of the agreement is that the original party who funded the alleged loan per the bookkeeping entries is to be repaid the money,

   b) The bank or financial institution involved in the alleged loan will follow GAAP,

   c) the lender or financial institution involved in the alleged loan will purchase the promissory note from the borrower,

   d) the borrower does not provide any money, money equivalent, credit, funds or capital or thing of value that a bank or financial institution will use to give value to a check or similar instrument,

   e) the borrower is to repay the loan in the same species of money or credit that the bank or financial institution used to fund the loan per GAAP, thus ending all interest and liens, and

   f) the written agreement gives full disclosure of all material facts.

151. Plaintiff provided defendants with opportunities to review the documents and cure their actions by providing notices, affidavits and evidences; and petitioned them to rebut Plaintiff's affidavit with their counter-affidavit with no avail.

152. Defendants were duly noticed and not blindsided.

153. The defendants' reckless disregard of the Plaintiff's notices was the direct and proximate result of the Plaintiff's injuries.

154. The defendants violated the Plaintiff's right to due process 42 U. S. C. 1983 by using an unfair court process that is in violation of the federal laws and the court rules.

155. The defendants obstructed the administration of justice.

**SLANDER OF TITLE:**

156. The defendants have caused to be recorded various documents including an unlawful
foreclosure which constitutes slander of title, and the Plaintiff should be awarded
resulting damages to be fully proved at the time of trial.

## SLANDER OF CREDIT:

157. The Plaintiff allege that the actions and inactions of the defendants have impaired their
credit causing them to lose the ability to have good credit entitling them to damages,
including statutory punitive damages pursuant to state and federal law, all to be proved at
the time of trial.

## INFLICTION OF EMOTIONAL DISTRESS:

158. The defendants have intentionally and negligently taken illegal actions which have
caused severe emotional distress to the Plaintiff and her husband who has a
neurodegenerative disease.

159. The attack on the Plaintiff's home using a statute that is not valid, is fraud on the court.

160. The fact part of the original agreement is missing in the wrongful non-judicial foreclosure
and unlawful detainer case is a clear showing of illegal intent to cause distress.

161. The defendants' reckless disregard of Plaintiff's notices/petition to review and correct
their documents and actions prove their malicious intent to cause distress.

## DAMAGES:

162. The Plaintiff is seeking damages for wrongful foreclosure, and she has shown that
   a) there was an irregularity in the non-judicial foreclosure sale and
   b) the irregularity caused the Plaintiff damages. See *University Sav. Ass'n v.*
      *Springwoods*.

163. As a proximate result of the reckless actions of defendants, the Plaintiffs have suffered
consequential damage and will continue to suffer additional damage in an amount to be
fully proved at the time of trial.

164. As a result of these actions by THE STATE, JUDGE VICENCIA, THE WOLF, WOLF
ATTORNEYS, WOLF ACCOMPLICE and the DOES defendants had cause injuries to
Plaintiff.

165. Plaintiff have suffered in the following ways:

a) Lost income. I am self-employed with my own business. I have lost many hours and days of seeing clients in order to take care of the court documents, filings, phone calls, doing researches, and getting consultation with my legal team. I had to drop all my business opportunities and appointments I had/have in order to address the unlawful detainer lawsuit court case which did not/does not give much time or opportunity to respond due to unconstitutional due process and court procedures. I have also suffered anxiety attacks with a loss of sleep caused by enormous pressures and stress. The amount of income lost can be up to or exceeds $1500 for each day lost. Because I am self-employed, there is no making up for this deficit. I had to borrow from a retirement fund or family members to make up for the deficit.

b) Medical costs. My husband is handicapped with a neurodegenerative disease. The defendants' action against the Plaintiff had caused my husband's physical condition to worsen and deteriorate quickly. The enormous anxiety attack caused a major negative impact on his nervous system, and accelerated his neurological damage in a very short period of time, required/requiring more frequent use of special medical devices, increase in medical supplements and physical therapies by the specialists. The medical cost came/coming out of our own pocket is exceeding well over $20,000 and quickly increasing.

c) No one can return to me and my husband the mental and physical health we have lost in dealing with the dubious actions of the persons named in my lawsuit. My husband's deteriorated and damaged nervous system cannot be reversed and restored, and the quality of living is forever robbed from him and I.

d) Our family will never completely retrieve our peace of mind and calm the near-constant state of anxiety we find ourselves in now. The defendants' actions have forever altered our mental health, physical health, and well-beings.

e) The defendants' acted with deliberate indifference to the Constitution and or federal laws when they violated the Plaintiff's right UNDER 42 U.S. CODE SEC. 1983, and the Plaintiff's right to "due process".

**THE JUDGE LACKS IMMUNITY WHEN HE/SHE VIOLATES THE LAW:**

166. The judge has qualified immunity when he/she follows the constitution and the law. The Tucker Act exposes the government to liability for certain claims. Specifically, the Act extended the court's jurisdiction to include claims for liquidated or unliquidated damages arising from the Constitution (including takings claims under the Fifth Amendment), a federal statute or regulation, and claims in cases not arising in tort. The relevant text of the Act is codified in 28 U.S.C. §§ 1346(a) and 1491. The Tucker Act (March 3, 1887, ch. 359, 24 Stat. 505, 28 U.S.C. § 1491) is a federal statute of the United States by which the United States government has waived its sovereign immunity with respect to lawsuits pertaining to 5th Amendment violations of due process.

167. JUDGE VICENCIA lack immunity in this case.

### THE FIVE ELEMENTS OF "DUE PROCESS":

168. In assessing whether this demonstration has been or can be made, the courts look to the five elements, which, over the centuries of judicial experience, have come to be recognized as the sine qua non of "due process."

   a) Equality: The system must not discriminate procedurally between parties. If one party is entitled to counsel, then all are entitled. If notice is provided one, it must be provided for all. The essential requirement for Equality is that the system provide a "level playing field" for the disputants. Discrimination in appearance or fact is an anathema to the Equality required to satisfy due process.

   b) Economy: The cost of access to the system must not be a barrier to its use or operate to the disadvantage of one or the other parties. This means that grievance and arbitration proceedings should not be made a Board profit center and, in fact, may have to become subsidized to assure open access.

   c) Expedition: As "justice delayed is frequently justice denied," there is an affirmative obligation on the part of the system to expedite ethics and arbitration proceedings. This does not foreclose orderly procedure with adequate time to ensure notice, time to prepare, opportunity to identify and gather witnesses, and otherwise develop facts and arguments. It does, however, foreclose dilatory tactics, unreasonable extension of time, and protraction of hearings.

d) Evidence: The system must be designed and function to elicit evidence, not assumptions; proof, not presumptions. While strict rules of evidence in the judicial sense do not apply, there must be control of what is admitted as relevant and judgment as to what is mere speculation and hearsay designed to prejudice rather than inform.

e) Equity: The system must produce decisions that reflect a sense and substance of "rightness" and "reasonableness." In matters involving unethical conduct, the punishment should fit the offense. The judgment should reflect consideration of extenuating circumstances and a balancing of competing values and objectives. Moreover, the predictability, consistency, and uniformity of the system's performance is an important measure of Equity.

169. The due process of law was violated in this case.

## CONSPIRACY:

170. A federal criminal conspiracy is built up of five elements:

a) Two or more persons that;

b) Intentionally;

c) Agreed;

d) To violate federal law or defraud the United States; and commit an overt act in furtherance of the agreement.

171. The defendants intentionally agreed to violate the constitution and federal law in this case.

## ELEMENTS FOR FORGERY:

172. Forgery is making, using, altering, or possessing a false document with the intent to commit fraud. Forgery can be the creation of a false document or changing an authentic one. There are several elements to the crime of forgery, and all must be proven before someone can be found guilty:

a) A person must make, alter, use, or possess a false document. Forgery can be creating a false document from scratch or altering an otherwise genuine document in a material way. The alteration is material if it affects a legal right.

b) The writing must have legal significance.

c) The writing must be false. The writing must have been created or changed in a way that makes it appear that the document represents something that it is not.

d) Intent to defraud.

173. Plaintiff provided defendants with opportunities to review the documents they are possessing and using; and petitioned to correct the errors by providing notices, affidavits and evidences with no avail.

174. The defendants' reckless disregard of Plaintiff's notices/petition to review and correct their documents and actions prove their malicious intent to defraud.

## REQUEST FOR DAMAGES:

175. Plaintiff request compensatory and general damages for expenses for legal expenses, medical bills, mental anguish associated with living with the consequences of the defendants' negligence, loss of income, and damaged credit score, embarrassment from having Plaintiff's house listed on Zillow and other Real estate foreclosure websites before and while the case is in litigation. The Plaintiff request punitive damages in what the jury finds just and fair. Plaintiff prays that this court enter judgment for the Plaintiff and against each of the Defendants, and grant:

a) compensatory and consequential damages, including damages for emotional distress, humiliation, and other pain and suffering on all claims allowed by law in an amount in excess 10 Million Dollars; and

b) expungement of all recorded documents that is clouding Plaintiff's property title; and

c) order dismissing the unlawful detainer action with prejudice; and

d) any further relief that this court deems just and proper, and any other appropriate relief.

## CONCLUSION:

**WHEREFORE**, Plaintiff Yuri Imuta, requests the following:

a) That the court enter a judgment in favor of Yuri Imuta, and against the defendants on all counts of the Complaint; and

b)  That the court award compensatory damages into Plaintiff and against the defendants jointly and severally, in an amount to be determined at trial; and

c)  That the court award punitive damages to Plaintiff, and against the defendants, jointly and severally, in an amount to determine at trial in order that such award will deter similar proscribed conduct by the defendants in the future; and

d)  That the court award Plaintiff, and against the defendants, prejudgment and post-judgment interest on all sums awarded in this action, and including reasonable legal fees, pursuant to 42.U.S.C. Sec. 1988; and

e)  That the court direct the defendants to expunge all recorded documents that is clouding Plaintiff's property title; and

f)  That the court direct the defendants to dismiss the unlawful detainer action with prejudice; and

g)  That the court grant Plaintiff such other equitable relief that the court deems appropriate.

## Demand For A Trial By Jury

Comes Now, the Plaintiff, and hereby demands jury trial on all issues so triable to a jury.

All Common Law rights and remedies, reserved and retained

Without Prejudice / Aggrieved Party

By: Sui Juris: _____

Dated: 12/15/22                     Yuri Imuta

1

## **VERIFICATION**

2

3     I, Yuri Imuta, a national, with God given Constitutionally protected Rights and not a

4 "citizen of the United States", in a condition of voluntary servitude with civil rights, under the

5 scope and purview of the 14th Amendment and one of the People of California, makes this

6 Verification based on personal knowledge of matters set forth herein and appearing without

waiving any rights or remedies, being competent in mind and body to testify, do hereby declare,

7 verify and affirm that the facts stated herein are true, correct, and complete in all material fact,

8 not misrepresented based on my own knowledge to the best of my current information,

9 knowledge and belief under the penalty of perjury of the laws of the United States of America

10 and the laws of California, and is admissible as evidence in a court of law or equity, except as to

11 those matters that are therein made upon information and belief, and as to those claims or facts, I

12 believe them to be true and admissible as evidence, and if called upon as a witness, I will testify

13 as to the veracity of my statements.

14 Entered this _15th_ day of _December_, 2022.

15

16     Sealed under my own unlimited commercial oath and liability, I affirm this is the truth,

17 the whole truth, and nothing but the truth, so help me God.  In peace and amity.

18

19               All Common Law rights and remedies, reserved and retained

20                 Without Prejudice / Aggrieved Party

21

22

23     By: Sui Juris: _____

24                 Yuri Imuta

25

26

27

28

**Declaration of Yuri Imuta**

**STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

I, the Affiant, who goes by Yuri Imuta, a woman, being of sound mind, and over the age of twenty-one, reserving all rights, being unschooled in law, and who has no BAR attorney, is without an attorney, and having never been re-presented by an attorney, and not waiving assistance of counsel, knowingly and willingly Declares and Duly affirms, in accordance with laws in and for the State of California, in good faith, and with full intent for preserving and promoting the public confidence in the integrity and impartiality of the government and the judiciary, that the following statements and facts, are true and correct of Affiant's own first-hand knowledge, understanding, and belief, do solemnly declare, and depose and say: The above mentioned case must be transferred in the interest of justice. Other state court judges are participating in the same misconduct and therefore the defendant cannot get a fair and impartial trial in the state court.

FURTHER AFFIANT SAITH NOT.

I declare under the penalty of bearing false witness before God and as recognized under the laws in and for The State of California, the Laws of the United States of America, acting with sincere intent and full standing in law, do herewith certify and state that the foregoing contents are true, correct, complete, certain, admissible as evidence, and not intended to mislead anyone, and that Yuri Imuta, executes this document in accordance with best knowledge and understanding without dishonor, without recourse; with All rights reserved, without prejudice.

Done this _15th_ day of December in the year 2022, under penalty of perjury under the laws of the United States of America.

All Common Law rights and remedies, reserved and retained

Without Prejudice / Aggrieved Party

By: Sui Juris: _____

**EXHIBIT: A**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Governor George Deukmejian Courthouse Department S26**
**CASE REGISTER**
22LBUD00487 U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,

| Date | Action |
|---|---|

04/22/2022 Supplemental Cover Sheet and Allegations for Unlawful Detainer -
Complaint
Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
SERIES 2006-AR12 (Plaintiff)
As to: Yuri I LEE (Defendant)

04/22/2022 Civil Case Cover Sheet
Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
SERIES 2006-AR12 (Plaintiff)
As to: Yuri I LEE (Defendant)

04/22/2022 Notice of Case Assignment - Limited Civil Case
Filed by: Clerk

04/22/2022 Notice of Online Dispute Resolution (ODR) Unlawful Detainer (UD)
Filed by: Clerk

04/22/2022 Updated -- Summons on Complaint:
Status Date changed from 04/26/2022 to 04/22/2022

04/22/2022 Complaint
Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
SERIES 2006-AR12 (Plaintiff)
As to: Yuri I LEE (Defendant)

04/26/2022 Summons on Complaint
Issued and Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF
AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS
TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE
PASSTHROUGH CERTIFICATES, SERIES 2006-AR12 (Plaintiff)
As to: Yuri I LEE (Defendant)

04/26/2022 Order to Show Cause Failure to File Proof of Service
Filed by: Clerk

04/26/2022 Order to Show Cause Re: Failure to File Proof of Service
scheduled for 07/20/2022 at 08:30 AM in Governor George
Deukmejian Courthouse at Civil Clerk's Office

04/26/2022 Case assigned to Hon. Gregory S. Lesser in Department S13
Governor George Deukmejian Courthouse

04/27/2022 Notice of Unlawful Detainer mailed 04/27/2022

05/02/2022 Defendant's Timely Non-statutory Abatement to Plaintiff's Notice
of Unlawful Detainer
Filed by: Yuri I LEE (Defendant)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Governor George Deukmejian Courthouse Department S26
CASE REGISTER
22LBUD00487 U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,

| Date | Action |
|------|--------|

05/12/2022  Application for Order to Post
            Signed and Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF
            AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS
            TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE
            PASSTHROUGH CERTIFICATES, SERIES 2006-AR12 (Plaintiff)
            As to: Yuri I LEE (Defendant)

05/12/2022  Updated -- Application for Order to Post:
            Filed By: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Plaintiff)
            Result: Granted
            Result Date: 05/12/2022

06/13/2022  Motion to Quash Service of Summons and Complaint
            Filed by: Yuri I LEE (Defendant)

06/13/2022  Updated -- Motion to Quash Service of Summons and Complaint:
            Filed By: Yuri I LEE (Defendant)
            Result: Denied
            Result Date: 06/29/2022

06/13/2022  Hearing on Motion to Quash Service on Summons and Complaint
            scheduled for 06/29/2022 at 01:30 PM in Governor George
            Deukmejian Courthouse at Department S13

06/17/2022  Proof of Service by Posting
            Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Plaintiff)
            As to: Yuri I LEE (Defendant)
            Mailing Date: 06/10/2022
            Service Cost: 205.56
            Service Cost Waived: No

06/17/2022  Proof of Service by Posting
            Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Plaintiff)
            As to: Yuri I LEE (Defendant)
            Mailing Date: 06/10/2022
            Service Cost: 175.56
            Service Cost Waived: No

06/20/2022  Order to Show Cause Re: Failure to File Proof of Service
            scheduled for 07/20/2022 at 08:30 AM in Governor George
            Deukmejian Courthouse at Civil Clerk's Office Not Held - Vacated
            by Court on 06/20/2022

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Governor George Deukmejian Courthouse Department S26
CASE REGISTER
22LBUD00487 U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,

| Date | Action |
|------|--------|

06/21/2022 Proof of Service by Mail
          Filed by: Yuri I LEE (Defendant)
          As to: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
          SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
          OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
          SERIES 2006-AR12 (Plaintiff)
          After Substituted Service of Summons and Complaint ?: No

06/24/2022 Opposition To Defendant's Motion To Quash Service Of Summons And
          Complaint In Unlawful Detainer; Memorandum Of Points And
          Authorities; And (Proposed) Order
          Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
          SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
          OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
          SERIES 2006-AR12 (Plaintiff)

06/27/2022 Deft's Response to Pltf's Opposition to Deft's Motion to Quash
          Filed by: Yuri I LEE (Defendant)

06/29/2022 Minute Order (Hearing on Motion to Quash Service on Summons and
          Complaint)

06/29/2022 Hearing on Motion to Quash Service on Summons and Complaint
          scheduled for 06/29/2022 at 01:30 PM in Governor George
          Deukmejian Courthouse at Department S13 updated:
          Result Date to 06/29/2022
          Result Type to Held - Motion Denied

06/30/2022 Order on Court Fee Waiver (Superior Court)
          Signed and Filed by: Clerk
          As to: Yuri I LEE (Defendant)

06/30/2022 Notice of Ruling
          Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
          SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
          OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
          SERIES 2006-AR12 (Plaintiff)

07/05/2022 Notice of Filing Petition for Writ of Mandate
          Filed by: Yuri I LEE (Defendant)

07/20/2022 Minute Order (Court Order)

07/20/2022 Certificate of Mailing for (Court Order) of 07/20/2022
          Filed by: Clerk

07/29/2022 Notice of Jurisdictional Challenge with Affidavit; with United
          States of America Affidavit of State Citizenship attached herein
          Filed by: Yuri I LEE (Defendant)
          As to: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
          SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
          OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
          SERIES 2006-AR12 (Plaintiff)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Governor George Deukmejian Courthouse Department S26
CASE REGISTER
22LBUD00487 U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,

| Date | Action |
|------|--------|

08/02/2022  Updated -- Event scheduled for 09/07/2022 at 01:30 PM in Governor
George Deukmejian Courthouse at Department S13 Type changed from
Hearing on Demurrer - with Motion to Strike (CCP 430.10) to
Hearing on Demurrer - without Motion to Strike

08/03/2022  Motion re: to Demurrer Complaint; Motion to Moot Pleadings Filed
by Attorneys; memorandum of Points and Authorities In Support
Thereof; Proposed Order; Request For Judicial Notice Concurrently
Filed
Filed by: Yuri I LEE (Defendant)
As to: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
SERIES 2006-AR12 (Plaintiff)

08/03/2022  Request for Judicial Notice
Filed by: Yuri I LEE (Defendant)

08/03/2022  Updated -- Motion re: to Demurrer Complaint; Motion to Moot
Pleadings Filed by Attorneys; memorandum of Points and
Authorities In Support Thereof; Proposed Order; Request For
Judicial Notice Concurrently Filed:
Filed By: Yuri I LEE (Defendant)
Result: Overruled
Result Date: 09/07/2022

08/03/2022  Hearing on Demurrer - without Motion to Strike scheduled for
09/07/2022 at 01:30 PM in Governor George Deukmejian Courthouse
at Department S13

08/03/2022  Minute Order (Court Order)

08/03/2022  Certificate of Mailing for (Court Order) of 08/03/2022
Filed by: Clerk

08/03/2022  Minute Order (Nunc Pro Tunc Order)

08/03/2022  Certificate of Mailing for (Nunc Pro Tunc Order) of 08/03/2022
Filed by: Clerk

08/16/2022  Notice Claim Under 42 U.S.C. 1983 Action For Depravation Of Civil
Rights, Violation of Due Process, Conspiracy to Commit Real
Estate Deed Fraud, Forgery, Wrongful Foreclosure, Breach of
Contract and Obstruction of The Administration of Justice
Filed by: Yuri I LEE (Defendant)
As to: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
SERIES 2006-AR12 (Plaintiff)

08/24/2022  Opposition To Defendant's Demurrer To Complaint In Unlawful
Detainer; Memorandum Of Points And Authorities; (Proposed) Order
Overruling Demurrer

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Governor George Deukmejian Courthouse Department S26
CASE REGISTER
22LBUD00487 U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,

| Date | Action |
|------|--------|
| | Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-AR12 (Plaintiff) |
| 08/26/2022 | Motion re: Notice of motion and hearing on motion for order to strike<br>Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-AR12 (Plaintiff)<br>As to: Yuri I LEE (Defendant) |
| 08/26/2022 | Updated -- Motion re: Order to Strike Defendant's Counterclaim/Cross-Complaint; Memorandum of Points and Authorities; and (Proposed) Order Striking Defendant's Counterclaim/Cross-Complaint in Its Entirety:<br>Name Extension changed from Notice of motion and hearing on motion for order to strike to Order to Strike Defendant's Counterclaim/Cross-Complaint; Memorandum of Points and Authorities; and (Proposed) Order Striking Defendant's Counterclaim/Cross-Complaint in Its Entirety<br>As To Parties changed from Yuri I LEE (Defendant) to Yuri I LEE (Defendant) |
| 08/26/2022 | Updated -- Motion re: Order to Strike Defendant's Counterclaim/Cross-Complaint; Memorandum of Points and Authorities; and (Proposed) Order Striking Defendant's Counterclaim/Cross-Complaint in Its Entirety:<br>Filed By: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-AR12 (Plaintiff)<br>Result: Granted<br>Result Date: 09/21/2022 |
| 08/26/2022 | Updated -- Motion re: Notice of motion and hearing on motion for order to strike:<br>As To Parties changed from Yuri I LEE (Defendant) to Yuri I LEE (Defendant) |
| 09/01/2022 | Hearing on Motion - Other To Strike Defendant's Claim scheduled for 09/19/2022 at 01:30 PM in Governor George Deukmejian Courthouse at Department S13 Not Held - Clerical Error on 09/01/2022 |
| 09/01/2022 | Hearing on Motion to Strike Defendant's Counterclaim/Cross-Complaint; Memorandum of Points and Authorities; and (Proposed) Order Striking Defendant's Counterclaim/Cross-Complaint in Its Entirety scheduled for 09/26/2022 at 01:30 PM in Governor George Deukmejian Courthouse at Department S13 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Governor George Deukmejian Courthouse Department S26
CASE REGISTER
22LBUD00487 U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,

| Date | Action |
|------|--------|

09/02/2022  Response to Plaintiff's Opposition to Defendant's Demurrer to
            Complaint; Notice of Entry of Appearance; Proposed Order
            Filed by: Yuri I LEE (Defendant)

09/07/2022  Trial Setting Conference scheduled for 09/21/2022 at 08:30 AM in
            Governor George Deukmejian Courthouse at Department S26

09/07/2022  Hearing on Motion to Strike Defendant's Counterclaim/Cross-
            Complaint; Memorandum of Points and Authorities; and (Proposed)
            Order Striking Defendant's Counterclaim/Cross-Complaint in Its
            Entirety scheduled for 09/07/2022 at 02:25 PM in Governor George
            Deukmejian Courthouse at Department S26

09/07/2022  Minute Order (Hearing on Demurrer - without Motion to Strike)

09/07/2022  Hearing on Demurrer - without Motion to Strike scheduled for
            09/07/2022 at 01:30 PM in Governor George Deukmejian Courthouse
            at Department S13

09/07/2022  Hearing on Motion to Strike Defendant's Counterclaim/Cross-
            Complaint; Memorandum of Points and Authorities; and (Proposed)
            Order Striking Defendant's Counterclaim/Cross-Complaint in Its
            Entirety scheduled for 09/26/2022 at 01:30 PM in Governor George
            Deukmejian Courthouse at Department S13 Held - Continued was
            rescheduled to 09/07/2022 02:25 PM at Department S26

09/07/2022  Minute Order (Hearing on Motion to Strike Defendant's
            Counterclaim/Cross-Co...)

09/07/2022  Certificate of Mailing for (Hearing on Motion to Strike
            Defendant's Counterclaim/Cross-Co...) of 09/07/2022
            Filed by: Clerk

09/07/2022  Hearing on Motion to Strike Defendant's Counterclaim/Cross-
            Complaint; Memorandum of Points and Authorities; and (Proposed)
            Order Striking Defendant's Counterclaim/Cross-Complaint in Its
            Entirety scheduled for 09/07/2022 at 02:25 PM in Governor George
            Deukmejian Courthouse at Department S26 updated:
            Result Date to 09/07/2022
            Result Type to Held - Motion Denied

09/08/2022  Hearing on Motion to Strike Defendant's Counterclaim/Cross-
            Complaint scheduled for 09/21/2022 at 08:30 AM in Governor George
            Deukmejian Courthouse at Department S26

09/08/2022  Minute Order (Nunc Pro Tunc Order)

09/08/2022  Certificate of Mailing for (Nunc Pro Tunc Order) of 09/08/2022
            Filed by: Clerk

09/12/2022  Answer
            Filed by: Yuri I LEE (Defendant)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Governor George Deukmejian Courthouse Department S26

CASE REGISTER

22LBUD00487 U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,

| Date | Action |
|------|--------|
| 09/12/2022 | Request For Production Of Documents, Set Number One<br>Filed by: Yuri I LEE (Defendant)<br>Charge Fee ?: NO |
| 09/12/2022 | Request For Production Of Documents, Set Number Two<br>Filed by: Yuri I LEE (Defendant)<br>Charge Fee ?: NO |
| 09/12/2022 | Request For Admission<br>Filed by: Yuri I LEE (Defendant)<br>Charge Fee ?: NO |
| 09/12/2022 | Response To plaintiff's Motion For Order To Strike Defendant's<br>Counterclaim/Cross-Complaint<br>Filed by: Yuri I LEE (Defendant) |
| 09/12/2022 | Updated -- Answer of Defendant Yuri Imuta aka Yuri-Imuta: Lee:<br>Name Extension: of Defendant Yuri Imuta aka Yuri-Imuta: Lee<br>As To Parties: removed |
| 09/21/2022 | Final Status Conference scheduled for 12/02/2022 at 08:30 AM in<br>Governor George Deukmejian Courthouse at Department S26 |
| 09/21/2022 | Jury Trial scheduled for 12/12/2022 at 08:30 AM in Governor<br>George Deukmejian Courthouse at Department S26 |
| 09/21/2022 | Minute Order (Trial Setting Conference; Hearing on Motion to<br>Strike Defenda...) |
| 09/21/2022 | Certificate of Mailing for (Trial Setting Conference; Hearing on<br>Motion to Strike Defenda...) of 09/21/2022<br>Filed by: Clerk |
| 09/21/2022 | Trial Setting Conference scheduled for 09/21/2022 at 08:30 AM in<br>Governor George Deukmejian Courthouse at Department S26 updated:<br>Result Date to 09/21/2022<br>Result Type to Held |
| 09/21/2022 | Hearing on Motion to Strike Defendant's Counterclaim/Cross-<br>Complaint scheduled for 09/21/2022 at 08:30 AM in Governor George<br>Deukmejian Courthouse at Department S26 updated:<br>Result Date to 09/21/2022<br>Result Type to Held - Motion Granted |
| 09/30/2022 | Motion to Compel Memorandum of Points and Authorities; and<br>Declaration of Moving Party in Support of Motion to Compel<br>Production of Documents Set One (1), Set Two (2), and Admission<br>Set One (1)<br>Filed by: Yuri I LEE (Defendant)<br>As to: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,<br>SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF<br>OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,<br>SERIES 2006-AR12 (Plaintiff) |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Governor George Deukmejian Courthouse Department S26
CASE REGISTER
22LBUD00487 U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,

| Date | Action |
|------|--------|

09/30/2022 Case reassigned to Governor George Deukmejian Courthouse in
         Department S26 - Hon. Michael P. Vicencia
         Reason: Non-Stipulation to Judicial Officer

09/30/2022 Updated -- Motion to Compel Memorandum of Points and Authorities;
         and Declaration of Moving Party in Support of Motion to Compel
         Production of Documents Set One (1), Set Two (2), and Admission
         Set One (1):
         Filed By: Yuri I LEE (Defendant)
         Result: Denied
         Result Date: 10/13/2022

09/30/2022 Hearing on Motion to Compel Memorandum of Points and Authorities;
         and Declaration of Moving Party in Support of Motion to Compel
         Production of Documents Set One (1), Set Two (2), and Admission
         Set One (1) scheduled for 10/12/2022 at 01:30 PM in Governor
         George Deukmejian Courthouse at Department S13

09/30/2022 Due to Clerical Error, Hearing on Motion to Compel Memorandum of
         Points and Authorities; and Declaration of Moving Party in
         Support of Motion to Compel Production of Documents Set One (1),
         Set Two (2), and Admission Set One (1) scheduled for 10/12/2022
         at 01:30 PM in Governor George Deukmejian Courthouse at
         Department S13 Not Held - Clerical Error was rescheduled to
         10/12/2022 01:30 PM at Department S26

10/03/2022 Defendant's Special Interrogatories, St Number One (1)
         Filed by: Yuri I LEE (Defendant)

10/04/2022 Notice Re: Continuance of Hearing and Order
         Filed by: Clerk

10/04/2022 Updated -- Notice Re: Continuance of Hearing and Order as to The
         Motion to Compel Production of Documents Set One Filed by Yuri
         Imuta aka Lee:
         Name Extension: as to The Motion to Compel Production of
         Documents Set One Filed by Yuri Imuta aka Lee
         As To Parties: removed

10/04/2022 Updated -- Notice Re: Continuance of Hearing and Order as to The
         Motion to Compel Production of Documents Set One Filed by Yuri
         Imuta aka Lee and Certificate of Mailing:
         Name Extension changed from as to The Motion to Compel Production
         of Documents Set One Filed by Yuri Imuta aka Lee to as to The
         Motion to Compel Production of Documents Set One Filed by Yuri
         Imuta aka Lee and Certificate of Mailing
         As To Parties: removed

10/04/2022 On the Court's own motion, Hearing on Motion to Compel Memorandum
         of Points and Authorities; and Declaration of Moving Party in
         Support of Motion to Compel Production of Documents Set One (1),
         Set Two (2), and Admission Set One (1) scheduled for 10/12/2022

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Governor George Deukmejian Courthouse Department S26
CASE REGISTER
22LBUD00487 U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,

Date          Action

              at 01:30 PM in Governor George Deukmejian Courthouse at
              Department S26 Not Held - Rescheduled by Court was rescheduled to
              10/13/2022 08:30 AM

10/11/2022  Opposition To Defendant's Motion To Compel Responses For
            Production Of Documents Set One, Production Of Documents, Set
            Two, And Requests For Admissions, Set One; Declaration Of Parnaz
            Parto
            Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Plaintiff)

10/11/2022  Request for Judicial Notice In Support Of Opposition To
            Defendant's Motion To Compel Responses For Production Of
            Documents Set One, Production Of Documents, Set Two, Amd Request
            For Admissions, Set One
            Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Plaintiff)

10/13/2022  Minute Order (Hearing on Motion to Compel Memorandum of Points
            and Authorit...)

10/13/2022  Certificate of Mailing for (Hearing on Motion to Compel
            Memorandum of Points and Authorit...) of 10/13/2022
            Filed by: Clerk

10/13/2022  Hearing on Motion to Compel Memorandum of Points and Authorities;
            and Declaration of Moving Party in Support of Motion to Compel
            Production of Documents Set One (1), Set Two (2), and Admission
            Set One (1) scheduled for 10/13/2022 at 08:30 AM in Governor
            George Deukmejian Courthouse at Department S26 updated:
            Result Date to 10/13/2022
            Result Type to Held - Motion Denied

11/01/2022  Motion for Summary Judgment
            Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Plaintiff)
            As to: Yuri I LEE (Defendant)

11/01/2022  Declaration Declaration of Darren Moon in Support of Plaintiff's
            Motion for Summary Judgment or in the Alternative for Summary
            Adjudication
            Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Plaintiff)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Governor George Deukmejian Courthouse Department S26
CASE REGISTER
22LBUD00487 U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,

| Date | Action |
|------|--------|

11/01/2022  Separate Statement
            Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Plaintiff)

11/01/2022  Request for Judicial Notice
            Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Plaintiff)

11/01/2022  Declaration Declaration of Damon Boykin in Support of Plaintiff's
            Motion for Summary Judgment or in the Alternative for Summary
            Adjudication
            Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Plaintiff)

11/01/2022  Updated -- Declaration of Damon Boykin in Support of Plaintiff's
            Motion for Summary Judgment or in the Alternative for Summary
            Adjudication:
            Name Extension changed from Declaration of Damon Boykin in
            Support of Plaintiff's Motion for Summary Judgment or in the
            Alternative for Summary Adjudication to of Damon Boykin in
            Support of Plaintiff's Motion for Summary Judgment or in the
            Alternative for Summary Adjudication
            As To Parties: removed

11/01/2022  Updated -- Plaintiff's Motion for Summary Judgment or in the
            Alternative for Summary Adjudication; Memorandum of Points and
            Authorities in Support of Motion; Declaration of Parnaz Parto:
            Exact Name: Plaintiff's Motion for Summary Judgment or in the
            Alternative for Summary Adjudication; Memorandum of Points and
            Authorities in Support of Motion; Declaration of Parnaz Parto
            As To Parties changed from Yuri I LEE (Defendant) to Yuri I LEE
            (Defendant)

11/01/2022  Updated -- Plaintiff's Motion for Summary Judgment or in the
            Alternative for Summary Adjudication; Memorandum of Points and
            Authorities in Support of Motion; Declaration of Parnaz Parto:
            Filed By: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Plaintiff)
            Result: Granted
            Result Date: 11/22/2022

11/02/2022  Hearing on Motion for Summary Judgment scheduled for 11/10/2022
            at 08:30 AM in Governor George Deukmejian Courthouse at

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Governor George Deukmejian Courthouse Department S26
CASE REGISTER
22LBUD00487 U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,

| Date | Action |
|------|--------|
| | Department S26 |

11/02/2022 On the Court's own motion, Hearing on Motion for Summary Judgment
scheduled for 11/10/2022 at 08:30 AM in Governor George
Deukmejian Courthouse at Department S26 Not Held - Advanced and
Continued - by Court was rescheduled to 11/22/2022 08:30 AM

11/03/2022 Notice Re: Continuance of Hearing and Order
Filed by: Clerk

11/03/2022 Updated -- Notice Re: Continuance of Hearing and Order and
Clerk's Certificate of Mailing:
Name Extension: and Clerk's Certificate of Mailing
As To Parties: removed

11/03/2022 Updated -- Notice Re: Continuance of Hearing and Order and
Clerk's Certificate of Mailing:
As To Parties: removed

11/03/2022 Updated -- Notice Re: Continuance of Hearing and Order and
Clerk's Certificate of Mailing as to Plaintiff's Motion for
Summary Judgment or in the Alternative Summary Adjudication:
Name Extension changed from and Clerk's Certificate of Mailing to
and Clerk's Certificate of Mailing as to Plaintiff's Motion for
Summary Judgment or in the Alternative Summary Adjudication
As To Parties: removed

11/08/2022 Updated -- Notice of Continuance on Plaintiff's Motion for
Summary Judgment or in the Alternative Summary Adjudication:
Name Extension: on Plaintiff's Motion for Summary Judgment or in
the Alternative Summary Adjudication
As To Parties: removed

11/08/2022 Notice of Continuance
Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
SERIES 2006-AR12 (Plaintiff)

11/18/2022 Opposition To Plaintiff's Motion For Summary Judgment Or In The
Alternative For Summary Adjudication
Filed by: Yuri I LEE (Defendant)

11/18/2022 Declaration In Support Of Opposition To Plaintiff's Motion For
Summary Judgment Or In The Alternative For Summary Judgment
Filed by: Yuri I LEE (Defendant)

11/18/2022 Declaration Of Registrant in Support Of Opposition To Plaintiff's
Motion For Summary Judgment Or In The Alternative For Summary
Adjudication
Filed by: Yuri I LEE (Defendant)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Governor George Deukmejian Courthouse Department S26
CASE REGISTER
22LBUD00487 U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,

| Date | Action |
|------|--------|

11/18/2022  Separate Statement In Opposition To Plaintiff's Motion For
            Summary Judgment Or In The Alternative For Summary Adjudication
            Filed by: Yuri I LEE (Defendant)

11/18/2022  Request For Judicial Notice In Support Of Opposition To
            Plaintiff's Motion For Summary Judgment Or In The Alternative For
            Summary Adjudication
            Filed by: Yuri I LEE (Defendant)
            Charge Fee ?: YES

11/21/2022  Reply Brief In Support Of Plaintiff's Motion For Summary Judgment
            Or In The Alternative For Summary Adjudication
            Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Plaintiff)

11/21/2022  Objection To Defendant's Declarations And Request For Judicial
            Notice In Opposition To Plaintiff's Motion For Summary Judgment,
            Or In The Alternative For Summary Adjudication (Proposed) Order
            On Objections
            Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Plaintiff)

11/22/2022  Appeal - Notice of Appeal/Cross Appeal Filed
            Filed by: Yuri I LEE (Appellant)
            As to: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Respondent)

11/22/2022  Appellant's Notice Designating Record on Appeal
            Filed by: Yuri I LEE (Defendant)
            As to: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Plaintiff)

11/22/2022  Updated -- [Proposed] Judgment:
            Status Date changed from 11/22/2022 to 11/22/2022
            Name Extension: blank
            Result Date changed from 11/22/2022 to 11/22/2022
            As To Parties changed from Yuri I LEE (Defendant) to Yuri I LEE
            (Defendant)

11/22/2022  Court orders judgment entered for Plaintiff U.S. BANK NA,
            SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST
            TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE
            WAMU MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-AR12 against
            Defendant Yuri I LEE on the Complaint filed by U.S. BANK NA,

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Governor George Deukmejian Courthouse Department S26
CASE REGISTER
22LBUD00487 U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,

Date        Action

            SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST
            TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF TH on 04/22/2022 for
            a total of $0.00.<br/><br/>Restitution and possession of the
            premises located at 5802 East Gossamer Street, Long Beach, CA
            90808 is granted for plaintiff(s)

11/22/2022 Minute Order (Hearing on Motion for Summary Judgment or In The
            Alternative ...)

11/22/2022 Certificate of Mailing for (Hearing on Motion for Summary
            Judgment or In The Alternative ...) of 11/22/2022
            Filed by: Clerk

11/22/2022 Hearing on Motion for Summary Judgment or In The Alternative For
            Summary Adjudication, Filed by Plaintiff U.S. Bank NA, Successor
            Trustee to Bank of America, N.A., Successor in Interest to
            Lasalle Bank NA, as Trustee scheduled for 11/22/2022 at 08:30 AM
            in Governor George Deukmejian Courthouse at Department S26
            updated:
            Result Date to 11/22/2022
            Result Type to Held - Motion Granted

11/22/2022 Order [PROPOSED] Order Granting Motion for Summary Judgment
            Signed and Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF
            AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS
            TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE
            PASSTHROUGH CERTIFICATES, SERIES 2006-AR12 (Plaintiff)
            As to: Yuri I LEE (Defendant)

11/22/2022 Updated -- Order [PROPOSED] Order Granting Motion for Summary
            Judgment:
            Filed By: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Plaintiff)
            Result: Granted
            Result Date: 11/22/2022

11/22/2022 [Proposed] Judgment
            Signed and Filed by: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF
            AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS
            TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE
            PASSTHROUGH CERTIFICATES, SERIES 2006-AR12 (Plaintiff)
            As to: Yuri I LEE (Defendant)

11/22/2022 Updated -- [Proposed] Judgment:
            Filed By: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,
            SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF
            OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES,
            SERIES 2006-AR12 (Plaintiff)
            Result: Granted
            Result Date: 11/22/2022

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Governor George Deukmejian Courthouse Department S26
CASE REGISTER
22LBUD00487 U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,

| Date | Action |
|------|--------|
| 11/22/2022 | Final Status Conference scheduled for 12/02/2022 at 08:30 AM in Governor George Deukmejian Courthouse at Department S26 Not Held - Vacated by Court on 11/22/2022 |
| 11/22/2022 | Jury Trial scheduled for 12/12/2022 at 08:30 AM in Governor George Deukmejian Courthouse at Department S26 Not Held - Vacated by Court on 11/22/2022 |

# EXHIBIT: B

Case 8:22-cv-02249-SVW-JPR   Document 19487   Filed 12/15/22   Page 51 of 93   Page ID #:51

Electronically ... Case 8:22-cv-02249 ... California County of Los Angeles ... 12/15/2022 ... Executive Officer/Clerk of Court, by C. Asencio, Deputy Clerk

# SUMMONS
## *(CITACIÓN JUDICIAL)*
### UNLAWFUL DETAINER—EVICTION
### *(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

**SUM-130**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

YURI I. LEE and DOES 1 through 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR12

| | |
|---|---|
| NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. | ¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante. |
| A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court. | Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia. |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (*www.lawhelpca.org*), the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), or by contacting your local court or county bar association. | Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local. |
| **FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. | *EXENCIÓN DE CUOTAS: Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.* |

1. The name and address of the court is: Governor George Deukmejian Courthouse
   *(El nombre y dirección de la corte es):*
   Superior Court of California, County of Los Angeles
   275 Magnolia
   Long Beach, CA 90802

   **CASE NUMBER** *(número del caso):*
   22LBUD00487

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

   The Wolf Firm, A Law Corporation
   1851 E. 1st Street, Suite 100, Santa Ana, CA 92705

   Kayo Manson-Tompkins, Esq., Bar No. 136476
   Parnaz Parto, Esq., Bar No. 276874
   Telephone Number: (949) 720-9200
   Fax Number: (949) 608-0131

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2022]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.45, 1167
www.courts.ca.gov

Page 1 of 2

**SUM-130**

| PLAINTIFF *(Name)*:<br>U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR12 | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*:<br>YURI I. LEE and DOES 1 through 10, Inclusive | 22LBUD00487 |

3.  *(Must be answered in all cases.)* An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400–6415) [✓] did **not** [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 4 below.)*

4.  **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant)*:

    a.  Assistant's name:

    b.  Telephone no.:

    c.  Street address, city, and zip:

    d.  County of registration:

    e.  Registration no.:

    f.  Registration expires on *(date)* :

|  | Sherri R. Carter Executive Officer / Clerk of Court |  |
|---|---|---|
| Date:<br>*(Fecha)*    04/26/2022 | Clerk, by<br>*(Secretario)*       J. Jenkins | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons (form POS-010).)*

[SEAL]

5.  **NOTICE TO THE PERSON SERVED:** You are served

    a. [ ] as an individual defendant.

    b. [ ] as the person sued under the fictitious name of *(specify)*:

    c. [ ] as an occupant.

    d. [ ] on behalf of *(specify)*:

    under: [ ] CCP 416.10 (corporation).     [ ] CCP 416.60 (minor).
    [ ] CCP 416.20 (defunct corporation).   [ ] CCP 416.70 (conservatee).
    [ ] CCP 416.40 (association or partnership).   [ ] CCP 416.90 (authorized person).
    [ ] CCP 415.46 (occupant).               [ ] other *(specify)*:

    e. [ ] by personal delivery on *(date)*:

---

SUM-130 [Rev. January 1, 2022]       **SUMMONS—UNLAWFUL DETAINER—EVICTION**       Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.     [ Print this form ]  [ Save this form ]     [ Clear this form ]

CP10.5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address)*:    TELEPHONE NO.: | *FOR COURT USE ONLY* |
|---|---|
| ATTORNEY FOR *(Name)*: | |

| NAME OF COURT: | Superior Court of Los Angeles County |
|---|---|
| STREET ADDRESS: | 275 Magnolia Avenue |
| MAILING ADDRESS: | Long Beach, CA 90802 |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | Governor George Deukmejian Courthouse |

| Plaintiff: | U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR12 |
|---|---|
| Defendant: | YURI I. LEE |

| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER: |
|---|---|

| Complete this form only if ALL of these statements are true: | *(To be completed by the process server)* |
|---|---|
| 1. You are NOT named in the accompanying Summons and Complaint. <br> 2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.) <br> 3. You still occupy the subject premises. | DATE OF SERVICE: <br> *(Date that form is served or delivered, posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify)*:

2. I reside at *(street address, unit no., city and ZIP code)*:

3. The address of "the premises" subject to this claim is *(address)*:

> 5802 East Gossamer Street
> Long Beach, CA 90808

4. On *(insert date):*                              , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises.  *(This date is in the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of  $              or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

(Continued on reverse)

| CP10.5 [Rev. June 15, 2015] | **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | Code of Civil Procedure, §§ 415.46, 715.010, 715.020, 1174.25 |
|---|---|---|

6401-47498        RAS

**CP10.5**

| Plaintiff: | U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK, NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR12 | CASE NUMBER: |
|---|---|---|
| Defendant: | YURI I. LEE | |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13. **Rental agreement.** I have *(check all that apply to you)*:

   a. ☐ an oral or written rental agreement with the landlord.

   b. ☐ an oral or written rental agreement with a person other than the landlord.

   c. ☐ an oral or written rental agreement with the former owner who lost the property to foreclosure.

   d. ☐ other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date:

_____                    ▶        _____
(TYPE OR PRINT NAME)                                           (SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**

   **1. You are NOT named in the accompanying Summons and Complaint.**
   **2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.**
   **3. You still occupy the premises.**

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

---

Electronically FILED by Superior Court of California, County of Los Angeles on 04/22/2022 02:55 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Ascencio, Deputy Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kayo Manson-Tompkins, SBN 136476; Parnaz Parto, SBN 276874 The Wolf Firm, A Law Corporation 1851 East 1st Street, Suite 100, Santa Ana, CA 92705 TELEPHONE NO. (949) 720-9200    FAX NO. (Optional): (949) 608-0131 E-MAIL ADDRESS: evictions@wolffirm.com ATTORNEY FOR *(Name):* U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR12 | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS:
MAILING ADDRESS: 275 Magnolia Avenue
CITY AND ZIP CODE: Long Beach, CA 90802
BRANCH NAME: Governor George Deukmejian Courthouse

CASE NAME: U.S. BANK NA v. LEE, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 22LBUD00487 |
| | | | | JUDGE |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☑ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* one (1)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 21, 2022
Parnaz Parto, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
6401-47498        **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**For your protection and privacy, please press the Clear**

| SHORT TITLE U.S. BANK NA v. LEE, et al. | CASE NUMBER 22LBUD00487 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE U.S. BANK NA v. LEE, et al. | CASE NUMBER 22LBUD00487 |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☑ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

| SHORT TITLE | U.S. BANK NA v. LEE, et al. | CASE NUMBER | 22LBUD00487 |
|---|---|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: U.S. BANK NA v. LEE, et al. | CASE NUMBER: 22LBUD00487 |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>1. ✓ 2.   3.   4.   5. ✓ 6.   7.   8.   9.   10. ✓ 11. | ADDRESS:<br><br>5802 East Gossamer Street |
|---|---|
| CITY: Long Beach | STATE: CA | ZIP CODE: 90808 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___South___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___April 21, 2022___

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Electronically FILED by Superior Court of California, County of Los Angeles on 04/22/2022 02:52 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Ascencio,Deputy Clerk

**UD-101**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 136476 & 276874 | FOR COURT USE ONLY |
| NAME: Kayo Manson-Tompkins, Esq. & Parnaz Parto, Esq. | | |
| FIRM NAME: The Wolf Firm, A Law Corporation | | |
| STREET ADDRESS: 1851 E. 1st Street, Suite 100 | | |
| CITY: Santa Ana, CA 92705   STATE: CA   ZIP CODE: 92705 | | |
| TELEPHONE NO.: 949-720-9200   FAX NO.: 949-608-0131 | | |
| EMAIL ADDRESS: evictions@wolffirm.com | | |
| ATTORNEY FOR (name): U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR12 | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STREET ADDRESS:
MAILING ADDRESS: 275 Magnolia
CITY AND ZIP CODE: Long Beach, CA 90802
BRANCH NAME: Governor George Deukmejian Courthouse

PLAINTIFF: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR12

DEFENDANT: YURI I. LEE and DOES 1 through 10, Inclusive

| | |
|---|---|
| **PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER** | CASE NUMBER: 22LBUD00487 |

All plaintiffs in unlawful detainer proceedings must file and serve this form. Filing this form complies with the requirement in Code of Civil Procedure section 1179.01.5(c).
- Serve this form and any attachments to it with the summons.
- If a summons has already been served without this form, then serve it by mail or any other means of service authorized by law.
- If defendant has answered prior to service of this form, there is no requirement for defendant to respond to the supplemental allegations before trial.

To obtain a summons in an unlawful detainer action for nonpayment of rent due between March 1, 2020, and March 31, 2022, on a residential property, a plaintiff must verify that they applied for governmental rental assistance that was not granted, that no application for governmental rental assistance is pending, or that the tenancy began after September 30, 2021. (See item 3.)

To obtain a judgment in an unlawful detainer action for nonpayment of rent on a residential property, a plaintiff must verify that no rental assistance or other financial compensation has been received for the amount demanded in the notice or accruing afterward, and that no application is pending for such assistance. To obtain a default judgment, plaintiff must use Verification by Landlord Regarding Rental Assistance—Unlawful Detainer (form UD-120) to make this verification and provide other information required by statute.

1. PLAINTIFF (name each):
   U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR12 alleges causes of action in the complaint filed in this action against DEFENDANT (name each):

   YURI I. LEE and DOES 1 through 10, Inclusive

2. **Statutory cover sheet allegations** (Code Civ. Proc., § 1179.01.5(c))
   a. This action seeks possession of real property that is (check all that apply):  [X] Residential   [ ] Commercial
      (If "residential" is checked, complete items 3 and 4 and all remaining items that apply to this action. If only "commercial" is checked, no further items need to be completed except the signature and verification on page 5; a summons may be issued.)
   b. This action is based, in whole or in part, on an alleged default in payment of rent or other charges. [ ] Yes  [X] No

3. **Verifications required for issuance of summons—residential** (Code Civ. Proc., § 1179.11(a))
   a. Is this action based, in whole or in part, on a defendant's nonpayment of rent or other financial obligation during the period between March 1, 2020, and March 31, 2022? [ ] Yes  [X] No
      (If no is checked, no further items need to be completed except the signature and verification on page 5, and item 12 if the action is based in whole or in part on nonpayment of rent during some other time frame; a summons may be issued.)

   b. Is this action on a tenancy that was initially established before October 1, 2021? [ ] Yes  [X] No
      (If no is checked, the further items that need to be completed are the signature and verification on page 5, and items 10 or 11, and 12 if the action is based in whole or in part on nonpayment of rent; a summons may be issued. (See Code Civ. Proc., § 1179.09(h) to learn more about what "initially established" means.)

Form Adopted for Mandatory Use
Judicial Council of California
UD-101 [Rev. April 14, 2022]

PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER

Code of Civil Procedure, § 1179.01 et seq.
www.courts.ca.gov

Page 1 of 5

UD-101

| PLAINTIFF: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR12<br>DEFENDANT: YURI I. LEE and DOES 1 through 10, Inclusive | CASE NUMBER:<br>22LBUD00487 |
|---|---|

3. c. *If you answered yes to questions 3a and 3b above, check and complete (1), (2), or (3) below, or a summons may not be issued.*

(1) ☐ There is no determination pending on an application filed before April 1, 2022, for governmental rental assistance to cover any part of the rental debt demanded from the defendant in this action.

(2) ☐ Before filing the complaint in this action, plaintiff applied for governmental rental assistance to cover the rent or other financial obligations demanded in this action, but the application was denied **and** a copy of a final decision denying the assistance is attached.

*Note that a "final decision" does not include rejection based on plaintiff not completing the application or doing so correctly, notification that the application is pending further action, or notification that plaintiff or defendants applied to the wrong government agency. (Code Civ. Proc., § 1179.09(d).)*

(3) ☐ Before filing the complaint in this action, plaintiff completed an application for governmental rental assistance to cover the rent or other financial obligations demanded in this action, including all the required contact information and documentation, **and all** of the following are true:

(a) At least 20 days have passed since the **later** of either (*check one*):

☐ The date the plaintiff submitted the completed application, or

☐ The date the plaintiff served the three-day notice underlying the complaint.

**and**

(b) Plaintiff has not received any notice from the governmental agency to which defendant has applied for governmental rental assistance to cover the rent or other financial obligations demanded from the defendant in this action.

**and**

(c) Plaintiff has not received a communication from the defendant that defendant has applied for governmental rental assistance to cover the rent or other financial obligations demanded from the defendant in this action.

4. **Tenants subject to COVID-19 Tenant Relief Act** (Code Civ. Proc., § 1179.02(h))

a. (1) One or more defendants in this action is a natural person: ☒ Yes ☐ No

(2) Identify any defendant not a natural person:

*(If no is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent.)*

b. (1) All defendants named in this action maintain occupancy as described in Civil Code section 1940(b): ☒ Yes ☐ No

(2) Identify any defendant who does not:

*(If yes is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent.)*

5. ☐ **Unlawful detainer notice expired before March 1, 2020**

The unlawful detainer complaint in this action is based solely on a notice to quit, to pay or quit, or to perform covenants or quit, in which the time period specified in the notice expired before March 1, 2020. *(If this is the only basis for the action, no further items need to be completed except the signature and verification on page 5. (Code Civ. Proc., § 1179.03.5(a)(1).))*

6. ☐ **Rent or other financial obligations due between March 1, 2020, and August 31, 2020 (protected time period)**

The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due in the protected time period. *(Check all that apply.)*

a. ☐ Defendant *(name each)*:

was provided all the required versions of the "Notice from the State of California" required by Code of Civil Procedure section 1179.04. *(Provide information regarding service of the notice or notices in item 8 below.)*

b. ☐ Defendant *(name each)*:

was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(b) and (d).

*(If the notice identified defendant as a* ***high-income tenant*** *and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

*(If filing form UD-100 with this form and item 6b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

UD-101

| PLAINTIFF: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR12 | CASE NUMBER: |
|---|---|
| DEFENDANT: YURI I. LEE and DOES 1 through 10, Inclusive | 22LBUD00487 |

6.  c. Response to notice *(check all that apply):*

(1) ☐ Defendant *(name each):*

delivered a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

(2) ☐ Defendant *(name each):*

did *not* deliver a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

7. ☐ **Rent or other financial obligations due between September 1, 2020, and September 30, 2021 (the transition time period)** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the transition time period.

a. ☐ Defendant *(name each):*

was provided all the required versions of the "Notice from the State of California" as required by Code of Civil Procedure section 1179.04. *(Provide information regarding service of the notice or notices in item 8 below.)*

b. ☐ Defendant *(name each):*

was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(c) and (d).

*(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

*(If filing form UD-100 with this form and item 7b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

c. Response to notice *(check all that apply):*

(1) ☐ Defendant *(name each):*

delivered a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

(2) ☐ Defendant *(name each):*

did *not* deliver a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).))

d. ☐ Rent or other financial obligations due:

(1) Rent or other financial obligations in the amount of $            was due between September 1, 2020, and September 30, 2021.

(2) Payment of $            for that period was received by September 30, 2021.

8. **Service of Code of Civil Procedure Section 1179.04 Notice from the State of California** *(You must complete this item if you checked item 6 or 7 above. Section 1179.04 provides three separate versions of a "Notice from the State of California" that the landlord was to provide to tenants at different times during the pandemic (the notices referenced in items 6a and 7a above). This item addresses when and how those notices were provided.)*

a. **September 2020 Notice.** Plaintiff provided the required notice for tenants who, as of September 1, 2020, had any unpaid rent or other financial obligations due any time between March 1, 2020, and August 31, 2020 (Code Civ. Proc., § 1179.04(a)), to defendants identified in 6a or as follows:

(1) ☐ By sending a copy by mail addressed to each named defendant on *(date):*

(2) ☐ By personally handing a copy to each named defendant on *(date):*

UD-101

| PLAINTIFF: | U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR12 | CASE NUMBER: | |
|---|---|---|---|
| DEFENDANT: | YURI I. LEE and DOES 1 through 10, Inclusive | 22LBUD00487 | |

8. a. (3) ☐ By some other method of service described in Code of Civil Procedure section 1162. (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8a.*)

(4) ☐ In different ways for different defendants. (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8a.*)

(5) ☐ Plaintiff was not required to serve the September 2020 notice on the named defendants.

b. **February 2021 Notice.** Plaintiff provided the required notice for tenants who as of February 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(b)) to defendants identified in 6a and 7a as follows:

(1) ☐ By sending a copy by mail addressed to each named defendant on *(date)*:

(2) ☐ By personally handing a copy to each named defendant on *(date)*:

(3) ☐ By some other method of service described in Code of Civil Procedure section 1162. (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8b.*)

(4) ☐ In different ways for different defendants. (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8b.*)

(5) ☐ Plaintiff was not required to serve the February 2021 notice on the named defendants.

c. **July 2021 Notice.** Plaintiff provided the required notice for tenants who as of July 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(c)) to defendants identified in 6a and 7a as follows:

(1) ☐ By sending a copy by mail addressed to each named defendant on *(date)*:

(2) ☐ By personally handing a copy to each named defendant on *(date)*:

(3) ☐ By some other method of service described in Code of Civil Procedure section 1162. (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8c.*)

(4) ☐ In different ways for different defendants. (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8c.*)

(5) ☐ Plaintiff was not required to serve the July 2021 notice on the named defendants.

9. ☐ **High-income tenant.** The 15-day notice in item 6b or 7b above identified defendant as a high-income tenant and requested submission of documentation supporting the tenant's claim that tenant had suffered COVID-19–related financial distress. Plaintiff had proof before serving that notice that the tenant has an annual income that is at least 130 percent of the median income for the county the rental property is located in and not less than $100,000. (Code Civ. Proc., § 1179.02.5.)

a. ☐ The tenant did not deliver a declaration of COVID-19–related financial distress within the required time. (Code Civ. Proc., § 1179.03(f).)

b. ☐ The tenant did not deliver documentation within the required time supporting that the tenant had suffered COVID-19–related financial distress as asserted in the declaration. (Code Civ. Proc., § 1179.02.5(c).)

10. ☐ **Rent or other financial obligations due between October 1, 2021, and March 31, 2022 (recovery period rental debt).** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the recovery period. *(Check a or b.)*

a. ☐ Defendant *(name each)*:

was served with at least 3 days' notice to pay rent or other financial obligations or quit, in a notice that included the information about the government rental assistance program and possible protections, as required by Code of Civil Procedure section 1179.10.

*(If filing form UD-100 with this form and this item is checked, specify this notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

b. ☐ The tenancy was not initially established before October 1, 2021, and the special notice to quit required by Code of Civil Procedure section 1179.10 does not apply in this action.

---

UD-101 [Rev. April 14, 2022]

**PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

Page 4 of 5

**UD-101**

| | |
|---|---|
| PLAINTIFF: U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR12 | CASE NUMBER: |
| DEFENDANT: YURI I. LEE and DOES 1 through 10, Inclusive | 22LBUD00487 |

11. ☐ **Rent or other financial obligations due after March 31, 2022.** *(Only applicable if action is filed on or after April 1, 2022.)* The only demand for rent or other financial obligations on which the unlawful detainer complaint in this action is based is a demand for payment of rent due after March 31, 2022.

12. ☐ **Statements regarding rental assistance** *(Required in all actions based on nonpayment of rent or any other financial obligation. Plaintiff must answer all the questions in this item and, if later seeking a default judgment, will also need to file Verification Regarding Rental Assistance—Unlawful Detainer (form UD-120).)*

   a. Has plaintiff received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? ☐ Yes  ☐ No

   b. Has plaintiff received rental assistance or other financial compensation from any other source for rent accruing *after* the date of the notice underlying the complaint? ☐ Yes  ☐ No

   c. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? ☐ Yes  ☐ No

   d. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source for rent accruing *after* the date on the notice underlying the complaint? ☐ Yes  ☐ No

13. ☐ **Other allegations** Plaintiff makes the following additional allegations: *(State any additional allegations below, with each allegation lettered in order, starting with (a), (b), (c), etc. If there is not enough space below, check the box below and use form MC-025, title it Attachment 13, and letter each allegation in order.)* ☐ Other allegations are on form MC-025.

14. ☒ Number of pages attached *(specify):* 1, Signed Verification

Date: April 21, 2022

Parnaz Parto, Esq.
_____
(TYPE OR PRINT NAME)                                                                  (SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____                                        _____
(TYPE OR PRINT NAME)                                                          (SIGNATURE)

For your protection and privacy, please press the Clear This Form button after you have printed the form.    | Print this form | | Save this form |    | Clear this form |

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER and know its contents.

I am one of the attorneys for:

U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS
TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR12

a party to this action. Such party is absent from the county aforesaid where such attorneys

have their office, and I make this verification for and on behalf of that party for that reason. I

am informed and believe and on that ground allege that the matters stated in the foregoing

document are true.

Executed on **April 21, 2022**      , at **Irvine, California.**

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

_____
**Parnaz Parto, Esq.**
Type or Print Name

_____
Signature

6401-47498    RAS

Case 8:22-cv-02249-SVW-JPR    Document 1    Filed 12/15/22    Page 67 of 93    Page ID
#:67
Electronically FILED by Superior Court of California, County of Los Angeles on 03/23/2022 11:11 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Ascencio, Deputy Clerk
22LBUD00487
Assigned for all purposes to: Governor George Deukmejian Courthouse, Judicial Officer: Gregory Lasser

Kayo Manson-Tompkins, Esq., SBN 136476
Parnaz Parto, Esq., SBN 276874
The Wolf Firm, A Law Corporation
1851 East 1st Street, Suite 100
Santa Ana, CA 92705
Telephone: (949)720-9200
Facsimile:  (949)608-0131

Attorneys for Plaintiff, U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF
AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS
TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2006-AR12

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – SOUTH DISTRICT - GOVERNOR GEORGE

DEUKMEJIAN COURTHOUSE

| | |
|---|---|
| U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR12, | CASE NO.   22LBUD00487 |
| | **VERIFIED COMPLAINT FOR UNLAWFUL DETAINER** |
| | Action based on Code of Civil Procedure Section 1161a |
| Plaintiff, | DEMAND IS LESS THAN $10,000.00 |
| vs. | (LIMITED CIVIL CASE) |
| YURI I. LEE, and DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff, U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA,

SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF

THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES,

SERIES 2006-AR12 (hereinafter "Plaintiff"), herein alleges:

1. Plaintiff is authorized to do business and is doing business within the state of

California.

1    2. Plaintiff is informed and believes and thereon alleges that Defendants, YURI I.

2    LEE, and DOES 1 through 10, inclusive, (hereinafter "Defendants") are individuals residing

3    at, or are otherwise in possession of the premises situated in the County of Los Angeles,

4    APN No. 7187-026-012, and commonly known as 5802 East Gossamer Street, Long

5    Beach, CA 90808, together with detached garage and separate structures, if any,

6    (hereinafter "Subject Property" and/or "Premises") and within this judicial district.

7    3. Plaintiff seeks to recover possession of the Premises.

8    4. The true names or capacities, whether individual, corporate, associate or

9    otherwise of Defendants named herein as Does 1 through 10 inclusive, are unknown to

10    Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will

11    amend this Complaint to show their true names and capacities when the same has been

12    ascertained.

13    5. YURI I. LEE, the original trustor who was the owner of the Subject Property at

14    the time she executed the Promissory Note and Deed of Trust described hereinafter,

15    conveyed the Subject Property as security for payment of a promissory note dated August

16    14, 2006, and recorded on August 28, 2006, as Instrument No. 06 1907973 of official

17    records in the office of the County Recorder of Los Angeles County, California.

18    6. A default occurred in the payment of the promissory note and thereafter, at the

19    request of the owner and holder of said promissory note and Deed of Trust, the Trustee

20    recorded a Notice of Default and Election To Sell in the office of the County Recorder of

21    Los Angeles County, California, to initiate non-judicial foreclosure proceedings to satisfy the

22    obligations of the Note.

23    7. More than three months after recordation of said Notice of Default, the Trustee

24    gave notice in the manner and form required by Civil Code §§ 2924 et. seq., that the

25    Subject Property would be sold at public auction on January 30, 2020, to satisfy the

26    obligations secured by Deed of Trust.

27    8. On January 30, 2020, at the time and place noticed for said sale, the Trustee

28    sold the Subject Property to Plaintiff and thereafter executed and delivered a Trustee's

- 2 -
VERIFIED COMPLAINT FOR UNLAWFUL DETAINER

6401-47498

1  Deed Upon Sale.  The Trustee's Deed Upon Sale was thereafter recorded and Plaintiff's
2  title to the Subject Property thereby perfected.  A true and correct copy of the Trustee's
3  Deed Upon Sale is attached hereto as Exhibit "1" and is incorporated herein by reference.

4       9.    On December 30, 2021, after Plaintiff's title was perfected, Plaintiff caused to
5  be served on Defendants a Notice to Quit (hereinafter "Notice") requiring them to quit and
6  deliver up possession of the premises to Plaintiff within 90 days after service of the Notice.
7  A true and correct copy of the Notice, and a copy of the Proof of Service, are attached
8  hereto collectively as Exhibit "2" and is incorporated herein by reference.

9       10.    Defendants continue in possession of said Premises without Plaintiff's
10  permission or consent.

11       11.    More than 90 days have elapsed since the service of the Notice but
12  Defendants have failed and refused to deliver up possession of said Premises.

13       12. Plaintiff is informed and believes and thereupon alleges that the reasonable
14  rental value of the use and occupancy of the Premises is equal to an amount according to
15  proof at trial, and damages have accrued to Plaintiff caused by Defendants' unlawful
16  detention thereof, and will continue to accrue at said rate since March 31, 2022 so long as
17  Defendants remain in possession of the Subject Property.

18       13.    Plaintiff requests that the Court take judicial notice of the documents attached
19  to this Complaint and those identified above, pursuant to the provisions of California
20  Evidence Code §452 and §453.

21       WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

22       1.    Restitution and possession of the Premises;

23       2.    Damages in an amount to be determined, according to proof, at trial, at a
24  daily rate from March 31, 2022, until the date that judgment for Plaintiff is entered by the
25  Court;

26  ///
27  ///
28  ///

1        3.      For an order to terminate the lease, if any, under which Defendants occupy

2    the Premises;

3        4.      Costs of suit herein; and,

4        5.      For such other and further relief as the court deems just and proper.

5    DATED: April 21, 2022              THE WOLF FIRM, A Law Corporation

6

7                                       By: _____
                                        PARNAZ PARTO, ESQ.
8                                       Attorneys for Plaintiff, U.S. BANK NA, SUCCESSOR
                                        TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR
9                                       IN INTEREST TO LASALLE BANK NA, AS TRUSTEE,
                                        ON BEHALF OF THE HOLDERS OF THE WAMU
10                                      MORTGAGE PASS-THROUGH CERTIFICATES,
                                        SERIES 2006-AR12
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        - 4 -
                        VERIFIED COMPLAINT FOR  UNLAWFUL DETAINER
6401-47498

EXHIBIT "1"

This page is part of your document - DO NOT DISCARD



# 20200161286



**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/10/20 AT 08:00AM**

| | |
|---|---|
| FEES: | 26.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 101.00 |



**LEADSHEET**



202002103340036

00017858083



010506884

**SEQ:**
**01**

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**

120236319 S5

Recording requested by:

Servicelink

And when recorded mail to:

Select Portfolio Servicing, Inc.
3217 S. Decker Lake Dr.
Salt Lake City, UT 84119

Forward tax statements to the address given above

---

TS No.: 756395CA
Order No.: 120236319

Space above this line for recorders use

# Trustee's Deed Upon Sale

A.P.N.: 7187-026-012

**Exempt pursuant to Cal Rev and Tax Code §11926**

THE UNDERSIGNED GRANTOR DECLARES:

The Grantee Herein **IS** the Foreclosing Beneficiary

| | |
|---|---|
| The amount of the unpaid debt together with costs was: | $808,723.72 |
| The amount paid by the grantee at the trustee sale was: | $703,800.00 |
| The documentary transfer tax is: | NONE |

Said property is in the City of: **LONG BEACH**, County of **LOS ANGELES**

**QUALITY LOAN SERVICE CORPORATION** as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**U.S. Bank NA, successor trustee to Bank of America, NA, sucessor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2006-AR12**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **LOS ANGELES**, State of California, described as follows:

**LOT 268 OF TRACT NO. 13202, AS PER MAP RECORDED IN BOOK 336, PAGES 1 TO 10 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **YURI I LEE, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY**, as trustor, dated **8/14/2006**, and recorded on **8/28/2006** as instrument number 06 1907973    of Official Records in the office of the Recorder of **LOS ANGELES**, California, under the authority and powers vested in the Trustee designated in the Deed of Trust

*When recorded mail and send tax statement to:*
Select Portfolio Servicing, Inc.
3217 S. Decker Lake Dr.
Salt Lake City, UT 84119

or as the duly appointed trustee, default having occurred under the Deed of Trust pursuant to the Notice of Breach and Election to Sell under the Deed of Trust recorded on 8/28/2013, instrument no 20131262715, Book , Page , of Official records. The Trustee of record at the relevant time having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten/thirty days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

Default occurred as set forth in a Notice of Breach and Election to Sell which was recorded in the office of the Recorder of said County.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Breach and Election to Sell or the personal delivery of the copy of the Notice of Breach and Election to Sell and the posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on 1/30/2020 at the place named in the Notice of Sale, in the County of LOS ANGELES, California, in which the property is situated. The foreclosing beneficiary, being the highest bidder at such sale, became the purchaser of said property and paid therefore to said trustee the amount being $703,800.00 in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust and instructed said trustee to vest this Trustee's Deed Upon Sale to said Grantee.

THIS INSTRUMENT IS RECORDED AT THE REQUEST OF SERVICELINK AS AN ACCOMMODATION ONLY. IT HAS NOT BEEN EXAMINED AS TO ITS EXECUTION OR AS TO ITS EFFECTS UPON TITLE.

*When recorded mail and send tax statement to:*
Select Portfolio Servicing, Inc.
3217 S. Decker Lake Dr.
Salt Lake City, UT 84119

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

TS No.: 756395CA

Date:

2/6/2020

**QUALITY LOAN SERVICE CORPORATION**

By: Veronica Eisert, Assistant Secretary

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of: **California**)

County of: **San Diego**)

On ___ FEB 0 6 2020 ___ before me, ___ **Katherine A. Davis** ___ a notary public, personally appeared _Veronica Eisert_ , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of **California** that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.          (Seal)

Signature

Katherine A. Davis

KATHERINE A. DAVIS
Notary Public - California
San Diego County
Commission # 2269219
My Comm. Expires Dec 29, 2022

EXHIBIT "2"

## Notice to Any Renters Living At

### 5802 East Gossamer Street, Long Beach, CA 90808

The attached notice means that your home was recently sold in foreclosure and the new owner plans to evict you.

You should talk to a lawyer NOW to see what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and simply move out.

Also, if you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should ask a lawyer about it.

You may have the right to stay in your home for 90 days or longer, regardless of any deadlines stated on any attached papers. In some cases and in some cities with a "just cause for eviction law," you may not have to move at all. But you must take the proper legal steps in order to protect your rights.

How to Get Legal Help

If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

**State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.**

Our File: 6401-47498        Notice Pursuant to Code of Civil Procedure Section 1161c

# NOTICE TO QUIT
## (CCP Sections 1161a(b)(3), 1161b, 1161c)

Our File: 6401-47498

TO:    YURI I. LEE
AND ALL OCCUPANT(S), TENANTS AND SUBTENANTS
County of Los Angeles
5802 East Gossamer Street, Long Beach, CA 90808

**NOTICE IS HEREBY GIVEN THAT** on January 30, 2020, U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR12 ("Purchaser") purchased the property located at 5802 East Gossamer Street, Long Beach, CA 90808 ("Property") at a foreclosure sale held in accordance with California law.

**NOTICE IS FURTHER GIVEN THAT** pursuant to Sections 1161a(b)(3), 1161b, and 1161c of the California Code of Civil Procedure, and as modified by the Federal Protecting Tenants at Foreclosure Act ("PTFA") (Pub L 111-22, §§701-704, 123 Stat 1660 as amended by HR 4173, the Dodd-Frank Wall Street Reform and Consumer Protection Act - Dodd-Frank Act, Pub L 111-203, §1484, 124 Stat 1376, Title XIV, Subtitle G, and restored by Senate Bill S.2155 No. 115-174, Title III, Section 304); **you are required to quit and deliver up possession of the Property to Purchaser** or Purchaser will institute legal proceedings against you to recover possession of the Property and for rents and damages as provided by law.  The number of days within which you must vacate and surrender possession of the Property to Purchaser differs and is based on the following:

1. **Within three (3) days after service on you of this Notice** in the event you are (1) a former owner of the Property, (2) a successor owner of the Property, or (3) if you are an occupant of the Property in which the former owner or successor owner resides.
2. **Within the latter of ninety (90) days after service on you of this Notice, or upon expiration of your lease,** in the event you are a tenant or subtenant of the Property who entered into a Bona Fide Lease prior to Notice of Foreclosure, but not the child, spouse, or parent of the former owner of the property nor if any party to the note remains in the property as a tenant, subtenant, or occupant.

**IF YOU ARE A TENANT you must, within three (3) days after service on you of this Notice**, provide the following information: (1) a return telephone number with the best time to reach you, (2) a copy of your rental agreement, (3) copies of cancelled checks or other evidence of rental payment for the last six months; and (4) copies of utility bills for the last six months.  **ADDITIONALLY, IF YOU ARE CLAIMING PROTECTION UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT ("SCRA")** please also provide: (1) proof of military service; (2) the full name and relationship to service member of all occupants.  You may provide this information by personal delivery, fax (949-608-0131), or e-mail (proofoftenancy@wolffirm.com).

## RELOCATION ASSISTANCE
Purchaser may provide relocation assistance programs to occupants of its foreclosed properties. To discuss these programs and your options under them, please contact Select Portfolio Servicing, Inc, relocation assistance hotline at 1-800-962-6010. Select Portfolio Servicing, Inc. is the servicing agent for Purchaser.

Dated:  December 29, 2021        By:

Kayo Manson-Tompkins, Esq.
The Wolf Firm, A Law Corporation
Attorney for Purchaser
1851 East 1st Street, Suite 100, Santa Ana, CA 92705
Tel: (949) 720-9200  Fax: (949) 608-0131

**UNDER CALIFORNIA PENAL CODE SECTION 594, EVERY PERSON WHO MALICIOUSLY DAMAGES OR DESTROYS ANY REAL OR PERSONAL PROPERTY NOT HIS OWN IS GUILTY OF VANDALISM.**

Kayo Manson- Lompkins, Esq.        SBN: 136476
THE WOLF FIRM, ALC
1851 East First Street, Suite 100   Santa Ana, CA 92705



## PROOF OF SERVICE

I, the undersigned declare that I served the Notice (s) below as indicated:

Notice to Any Renters; Notice to Quit (CCP Sections 1161a(b)(3), 1161b, 1161c)

The above described Notice (s) were served on the following named parties in the manner set forth below:

NAME OF OCCUPANT:   YURI I. LEE AND ALL OCCUPANT(S), TENANTS AND SUBTENANTS

DATE OF POSTING:   December 30, 2021
TIME OF POSTING:   6:35 PM

DATE OF MAILING:   December 30, 2021

PROPERTY ADDRESS:   5802 East Gossamer Street
Long Beach, CA 90808
(HOME)

☐ 1. PERSONAL SERVICE      By delivering a copy of the Notice(s) on the above named occupant(s)

☑ 2. CONSTRUCTIVE SERVICE   After due and diligent effort and after attempting to personally serve said notice(s), as
authorized by C.C.P. Section 1162(2,3) on each of the above named parties in the
manner set forth below.

By posting a copy for each of the above named parties on December 30, 2021 at 6:35 PM in a conspicuous place on the property; there being no person of suitable age or discretion to be found at the property or any known place of business of the above named parties and thereafter mailing a copy to each said party by depositing said copies in the United States mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property or where their mail is delivered on December 30, 2021.

Fee for Service: $ 95.00
County: **Los Angeles**
Registration No.: **6895**
**Nationwide Legal, LLC**
**901 W. Civic Center Drive, Suite# 190**
**Santa Ana, CA 92703**
**(714) 558-2300**
**Ref: 6401-47498**

At the time of service, I was at least 18 years of age. I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 4, 2022.

Signature: _____
**Damon Boykin**

UD92998

UD92998.NTQ.6401-47498
**PROOF OF SERVICE**

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing VERIFIED COMPLAINT FOR UNLAWFUL DETAINER and

know its contents.

I am one of the attorneys for:

**U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR12**

a party to this action. Such party is absent from the county aforesaid where such attorneys

have their office, and I make this verification for and on behalf of that party for that reason. I

am informed and believe and on that ground allege that the matters stated in the foregoing

document are true.

Executed on **April 21, 2022**         , at **Irvine, California.**

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

_____
**Parnaz Parto, Esq.**
Type or Print Name

_____
Signature

6401-47498   RAS

EXHIBIT: C

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
South District, Governor George Deukmejian Courthouse, Department S13

**22LBUD00487**                                                                   June 29, 2022
**U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF**                                    1:30 PM
**AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE**
**BANK NA, AS TRUSTEE, ON BEHALF OF TH vs YURI I**
**LEE**

Judge: Honorable Michael P. Vicencia                CSR: None
Judicial Assistant: E. Bailey                        ERM: Electronically Recorded
Courtroom Assistant: None                            Deputy Sheriff: Angela Rodd

APPEARANCES:

For Plaintiff(s): Kayo Manson-Tompkins by Attorney David Chaffin via LACourtConnect

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Motion to Quash Service on Summons and Complaint

Matter is called for hearing.

The Motion to Quash Service of Summons and Complaint filed by Yuri I LEE on 06/13/2022 is Denied.

Defendant is given five days leave to respond within five days.

Moving party is ordered to give notice.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## Civil Division

South District, Governor George Deukmejian Courthouse, Department S26

**22LBUD00487**                                                      August 3, 2022
**U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF**                       12:37 PM
**AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE**
**BANK NA, AS TRUSTEE, ON BEHALF OF TH vs YURI I**
**LEE**

Commissioner: Honorable Gregory S. Lesser          CSR: None
Judicial Assistant: None                           ERM: None
Courtroom Assistant: None                          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

NATURE OF PROCEEDINGS: Court Order

The Court is receipt of a correspondence from Defendant Yuri Imuta and addressed to Judge
Michael P. Vicencia. Enclosed are five documents: "Jurisdictional Challenge with Affidavit,"
"Affidavit of State Citizenship," and three documents titled "Notice of Fault and Opportunity to
Cure." The import of these documents is unclear to this court.

This matter remains assigned to Department S-13, Commissioner Gregory Lesser, for all
purposes. The letter and enclosures are ordered forwarded to Department S-13.

Clerk hereby gives notice.

Certificate of Mailing is attached.

SEE NUNC PRO TUNC MINUTE ORDER OF 08/03/2022 12:41 PM

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
South District, Governor George Deukmejian Courthouse, Department S26

22LBUD00487
**U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF
AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE
BANK NA, AS TRUSTEE, ON BEHALF OF TH vs YURI I
LEE**

September 7, 2022
2:25 PM

Judge: Honorable Michael P. Vicencia
Judicial Assistant: D. Oura
Courtroom Assistant: None

CSR: Electronically Recorded (FTR system)
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Kayo Manson-Tompkins by Attorney David Chaffin via LACourtConnect

For Defendant(s): Yuri I LEE in Pro Per

**NATURE OF PROCEEDINGS:** Hearing on Motion to Strike Defendant's Counterclaim/Cross-Complaint; Memorandum of Points and Authorities; and (Proposed) Order Striking Defendant's Counterclaim/Cross-Complaint in Its Entirety

Matter is called for hearing.

The Court reads and considers all papers and hears oral argument.

The Motion re: to Demurrer Complaint; Motion to Moot Pleadings Filed by Attorneys; memorandum of Points and Authorities In Support Thereof; Proposed Order; Request For Judicial Notice Concurrently Filed filed by Yuri I LEE on 08/03/2022 is Overruled.

Defendant is granted five days leave to amend.

Trial Setting Conference is scheduled for 09/21/2022 at 08:30 AM in Department S26 at Governor George Deukmejian Courthouse.

For their own safety and protection, parties are strongly encouraged to make all appearances (with the exception of Jury Trials) remotely by CourtConnect. Pertinent information can be found on the Court's website www.lacourt.org.

Clerk hereby gives notice.

Certificate of Mailing is attached.

Minute Order                                Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
South District, Governor George Deukmejian Courthouse, Department S26

**22LBUD00487**
**U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF
AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE
BANK NA, AS TRUSTEE, ON BEHALF OF TH vs YURI I
LEE**

September 8, 2022
10:59 AM

Judge: Honorable Michael P. Vicencia
Judicial Assistant: D. Oura
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Nunc Pro Tunc Order

It appearing to the Court that through inadvertence and/or clerical error, the minute order of 09/07/2022 in the above-entitled action does not properly reflect the Court's order. Said minute order is ordered corrected nunc pro tunc as of 09/08/2022, as follows:

By striking: Defendant is granted five days leave to amend.

By adding: Defendant is granted five days leave to answer.

Hearing on Motion to Strike Defendant's Counterclaim/Cross-Complaint is scheduled for 09/21/2022 at 08:30 AM in Department S26 at Governor George Deukmejian Courthouse.

Clerk hereby gives notice.

Certificate of Mailing is attached.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## Civil Division

South District, Governor George Deukmejian Courthouse, Department S26

22LBUD00487                                                      September 21, 2022
U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF                        8:30 AM
AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE
BANK NA, AS TRUSTEE, ON BEHALF OF TH vs YURI I
LEE

Judge: Honorable Michael P. Vicencia          CSR: Electronically Recorded (FTR system)
Judicial Assistant: D. Oura                    ERM: None
Courtroom Assistant: Stewart Samuels           Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Kayo Manson-Tompkins by Attorney Dennis O'Connell via LACourtConnect

For Defendant(s): Yuri I LEE via LACourtConnect

**NATURE OF PROCEEDINGS:** Trial Setting Conference; Hearing on Motion to Strike
Defendant's Counterclaim/Cross-Complaint

Matter is called for hearing.

The Motion re: Order to Strike Defendant's Counterclaim/Cross-Complaint; Memorandum of
Points and Authorities; and (Proposed) Order Striking Defendant's Counterclaim/Cross-
Complaint in Its Entirety filed by U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF
AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON
BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH
CERTIFICATES, SERIES 2006-AR12 on 08/26/2022 is Granted.

Final Status Conference is scheduled for 12/02/2022 at 08:30 AM in Department S26 at
Governor George Deukmejian Courthouse.

Jury Trial is scheduled for 12/12/2022 at 08:30 AM in Department S26 at Governor George
Deukmejian Courthouse.

A copy of this Court's Trial Rules is mailed to all parties this date.

For their own safety and protection, parties are strongly encouraged to make all appearances
(with the exception of Jury Trials) remotely by CourtConnect. Pertinent information can be
found on the Court's website www.lacourt.org.

Certificate of Mailing is attached.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

### Civil Division

South District, Governor George Deukmejian Courthouse, Department S26

**22LBUD00487**                                                      October 13, 2022
**U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF**                        8:30 AM
**AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE**
**BANK NA, AS TRUSTEE, ON BEHALF OF TH vs YURI I**
**LEE**

Judge: Honorable Michael P. Vicencia          CSR: Electronically recorded (FTR system)
Judicial Assistant: D. Oura                    ERM: None
Courtroom Assistant: Stewart Samuels           Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Kayo Manson-Tompkins by Attorney Stephen Hicklin via LACourtConnect

For Defendant(s): Yuri I LEE in Pro Per via LA CourtConnect

**NATURE OF PROCEEDINGS:** Hearing on Motion to Compel Memorandum of Points and
Authorities; and Declaration of Moving Party in Support of Motion to Compel Production of
Documents Set One (1), Set Two (2), and Admission Set One (1)

Matter is called for hearing.

The Court reads and considers all papers and hears oral argument.

The Motion to Compel Memorandum of Points and Authorities; and Declaration of Moving
Party in Support of Motion to Compel Production of Documents Set One (1), Set Two (2), and
Admission Set One (1) filed by Yuri I LEE on 09/30/2022 is Denied.

Motion is denied without prejudice.

Defendant has failed failed to file a separate statement.

Plaintiff's oral motion for sanctions is denied.

For their own safety and protection, parties are strongly encouraged to make all appearances
(with the exception of Jury Trials) remotely by CourtConnect. Pertinent information can be
found on the Court's website www.lacourt.org.

Clerk hereby gives notice.

Certificate of Mailing is attached.

Minute Order                                                  Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

South District, Governor George Deukmejian Courthouse, Department S26

**22LBUD00487**                                             November 22, 2022
**U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF**              8:30 AM
**AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE**
**BANK NA, AS TRUSTEE, ON BEHALF OF TH vs YURI I**
**LEE**

Judge: Honorable Michael P. Vicencia          CSR: None
Judicial Assistant: D. Oura                    ERM: None
Courtroom Assistant: Stewart Samuels           Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Kayo Manson-Tompkins by Attorney Stephen Hicklin via LACourtConnect

For Defendant(s): Yuri I LEE via LACourtConnect

**NATURE OF PROCEEDINGS:** Hearing on Motion for Summary Judgment or In The Alternative For Summary Adjudication, Filed by Plaintiff U.S. Bank NA, Successor Trustee to Bank of America, N.A., Successor in Interest to Lasalle Bank NA, as Trustee

Matter is called for hearing.

The Court reads and considers all papers and hears oral argument.

The Plaintiff's Motion for Summary Judgment or in the Alternative for Summary Adjudication; Memorandum of Points and Authorities in Support of Motion; Declaration of Parnaz Parto filed by U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-AR12 on 11/01/2022 is Granted.

For their own safety and protection, parties are strongly encouraged to make all appearances (with the exception of Jury Trials) remotely by CourtConnect. Pertinent information can be found on the Court's website www.lacourt.org.

Certificate of Mailing is attached.

1    KAYO MANSON-TOMPKINS
     Attorney Bar No. 136476
2    PARNAZ PARTO
     Attorney Bar No. 276874
3    The Wolf Firm, A Law Corporation
     1851 East 1st Street, Suite 100
4.   Santa Ana, CA 92705
5    Ph: (949) 720-9200; Fax: (949) 608-0131

6    Attorney for Plaintiff

FILED
Superior Court of California
County of Los Angeles

11/22/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ D. Oura _____ Deputy

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF LOS ANGELES – LONG BEACH JUDICIAL DISTRICT

10

11   U.S. BANK NA, SUCCESSOR TRUSTEE TO        )    Case No.: 22LBUD00487
     BANK OF AMERICA, NA, SUCCESSOR IN         )
12   INTEREST TO LASALLE BANK NA, AS           )    [PROPOSED]
     TRUSTEE, ON BEHALF OF THE HOLDERS         )    ORDER GRANTING MOTION
13   OF THE WAMU MORTGAGE PASS-                )    FOR SUMMARY JUDGMENT
     THROUGH CERTIFICATES, SERIES 2006-        )
14   AR12                                      )
                                               )    Date:  November 10, 2022
15                                             )    Time:  8:30 a.m.
                                               )    Dept:  S26
16                      Plaintiff,             )
                                               )    Complaint Filed: April 22, 2022
17      vs.                                    )
                                               )
18                                             )
                                               )
19   YURI I. LEE, and DOES 1 through 10, inclusive, )
                                               )
                       Defendant.              )
20
21

22              ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

23        The Motion of Plaintiff, U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF

24   AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON

25   BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES,

26   SERIES 2006-AR12 ("Plaintiff"), for an order granting Summary Judgment was heard by the court on

27   the above-referenced date. Plaintiff appeared by counsel The Wolf Firm, A Law Corporation.

28   Defendant YURI I. LEE aka YURI-IMUTA LEE ("Defendant") (appeared) (did not appear).

Order Summary Judgment.
6401-47498                                  - 1 -

Electronically Received 11/01/2022 08:09 PM

1    On consideration of all of the evidence set forth in the papers submitted, and the inferences

2  reasonable deductible therefrom, except that to which objection was sustained, the Court makes the

3  following determinations for the specified reasons:

4    There is no triable issue as to any material fact and Plaintiff is entitled as a matter of law to

5  summary judgment, in its favor and against Defendant, on its action for unlawful detainer for the

6  following reasons:

7  1.  Plaintiff, in support of its motion for summary judgment on this cause of action for unlawful

8  detainer, proffered evidence that established each necessary element of this unlawful detainer as

9  follows:

10    a.  On 1/30/2020 Plaintiff purchased the subject real property located at 5802 East

11      Gossamer Street, Long Beach, CA 90808, together with detached garage and separate

12      structures, if any ("Premises") at duly noticed and validly conducted Trustee's Sale.

13      Plaintiff supplied certified copies of a Trustee's Deed Upon Sale with recitals of

14      compliance with CC § 2924, the Deed of Trust and the Substitution of Trustee, which

15      established the foreclosure sale in compliance with CC § 2924 and perfection of title;

16      See Certified copy of Trustee's Deed Upon Sale attached as Exhibit "A" to RJN;

17      Certified copy of Deed of Trust attached as Exhibit "B" to RJN; Certified copy of the

18      Substitution of Trustee attached as Exhibit "E";

19    b.  Plaintiff properly served a ninety-day Notice to Quit on Defendant pursuant to CCP §

20      1161a(b). See Notice and Proof of Service attached as Exhibit "G" to RJN; see

21      Declarations of Damon Boykin and Parnaz Parto; and

22    c.  Defendant has continued in possession after the expiration of said Notice to Quit. See

23      Declaration of Darren Moon.

24  2.  With Plaintiff having established each element of its right to possession, the burden of proof is

25  shifted to Defendant pursuant to CCP § 437c(p)(1), but Defendant, in opposition to Plaintiff's motion,

26  proffered no evidence which controverted the prima facie showing and thus failed to raise a triable

27  issue of fact.

28  3.  Plaintiff has waived, without prejudice, any claim for monetary damages and costs.

Accordingly,

IT IS ORDERED that the motion for order granting summary judgment be, and hereby is, granted in favor of Plaintiff and against Defendant YURI I. LEE aka YURI-IMUTA LEE, that this adjudication shall be carried into any final judgment subsequently entered in this action, and that judgment for possession of the Premises be entered against Defendant YURI I. LEE aka YURI-IMUTA LEE.

Dated: 11/22/2022          _____

                          (JUDGE) (COMMISSIONER) OF THE SUPERIOR COURT

Order Summary Judgment.
6401-47498
                                        - 3 -

1  KAYO MANSON-TOMPKINS
   Attorney Bar No. 136476
2  PARNAZ PARTO
   Attorney Bar No. 276874
3  The Wolf Firm, A Law Corporation
   1851 East 1st Street, Suite 100
4  Santa Ana, CA 92705
   Ph: (949) 720-9200; Fax: (949) 608-0131
5
6  Attorney for Plaintiff

**FILED**
Superior Court of California
County of Los Angeles
**11/22/2022**
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ D. Oura _____ Deputy

7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9          COUNTY OF LOS ANGELES – LONG BEACH JUDICIAL DISTRICT

10  U.S. BANK NA, SUCCESSOR TRUSTEE TO      ) Case No.: 22LBUD00487
11  BANK OF AMERICA, NA, SUCCESSOR IN       )
    INTEREST TO LASALLE BANK NA, AS         ) [PROPOSED]
12  TRUSTEE, ON BEHALF OF THE HOLDERS       ) **JUDGMENT**
    OF THE WAMU MORTGAGE PASS-              )
13  THROUGH CERTIFICATES, SERIES 2006-      )
    AR12                                    ) **Date:  November 10, 2022**
14                                          ) **Time:  8:30 a.m.**
                                            ) **Dept:  S26**
15                Plaintiff,                )
16                                          ) Complaint Filed: April 22, 2022
    vs.                                     )
17  YURI I. LEE, and DOES 1 through 10, inclusive, )
18                                          )
                  Defendant.                )
19                                          )
20

21      This court, having on ___ Nov. 22, ___, 2022 granted the motion of Plaintiff for Summary

22  Judgment, and having ordered the entry of judgment as requested in said motion,

23      IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT Plaintiff U.S. BANK NA,

24  SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO

25  LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU

26  MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR12  have and recover from

27  Defendant YURI I. LEE aka YURI-IMUTA LEE ("Defendant") possession of the improved real

28  property located at 5802 East Gossamer Street, Long Beach, CA 90808, together with detached garage

Order Summary Judgment.
6401-47498                                      - 1 -

1   and separate structures, if any ("Premises"). The clerk of this Court is directed to issue a writ of

2   possession directing the sheriff to take all legal steps necessary to remove Defendant from the

3   Premises.

4

5   Dated:    11/22/2022

6   _____
    (JUDGE) (COMMISSIONER) OF THE SUPERIOR COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Summary Judgment.
6401-47498                                        - 2 -