UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-02249-SVW-JPR | Date | December 21, 2022 |
|---|---|---|---|
| Title | Yuri Imuta v. The State of California et al | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER DISMISSING ACTION

   Here, the Court's review of the Complaint makes clear that this Court does not have federal-question jurisdiction over the instant matter under section 1331. There is no federal question apparent from the Notice of Removal or attached exhibits. Plaintiff pleads a Section 1983 claim. However, Plaintiff's complaint does not plead a Section 1983 claim because Plaintiff's due process claim alleges that private actors, not a state, violated his due process rights.

   Additionally, Plaintiff's first claim is premised on the entry of summary judgment against him by a Superior Court judge. This action cannot form the basis for a section 1983 claim. Judges "are responsible to the people alone for the manner in which they perform their duties. If faithless, if corrupt, if dishonest, if partial, if oppressive or arbitrary, they may be called to account by impeachment, and removed from office. . . . But responsible they are not to private parties in civil actions for the judicial acts, however injurious may be those acts, and however much they may deserve condemnation, unless perhaps where the acts are palpably in excess of the jurisdiction of the judges, and are done maliciously or corruptly."   Randall v. Brigham, 74 U.S. 523, 537 (1869). Here, the Court sees no evidence of malice or corruption.

   Last, Plaintiff's Truth in Lending Act claim appears to actually be an unlawful detainer claim, so it does not form the basis of federal question jurisdiction.
The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Therefore, the case is dismissed.

   It is so ordered.

| | : |
|---|---|
| Initials of Preparer | PMC |